## Andrews Bros. v. McClanahan, Manager.

(Decided June 10, 1927.)

### Appeal from Simpson Circuit Court.

1.  Corporations.—State in exercise of police power may only exclude nonresident corporation from doing business, and may necessarily fix terms on which such corporation may come into state and do business.
2.  Process.—State does not have power to wholly exclude individual residents of another state from doing business therein, and cannot acquire jurisdiction over their persons by provision for substituted service.
3.  Constitutional Law.—Jurisdiction to enter personal judgment by substituted service on individual or partnership composed of persons, none of whom are served within jurisdiction, is not "due process" of law.
4.  Judgment.—Judgment against partnership, based on substituted service of summons on partnership, members of which resided outside state, by serving complaint on local manager, under Civil Code of Practice, section 51, subsection 6 (Acts 1891-92-93, c. 201), held void.

BYRON RENFREW for appellants.

FINN & SIMS and FINN & CROW for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellee is the manager of the Simpson County Strawberry Growers' Association. Appellants are Abe

and Sam Andrews, constituting the firm of Andrews
Bros., and are residents of and doing business in Detroit,
Mich.

In this action by appellee as manager he recovered
personal judgments for money against defendants aggre-
gating $8,261.25.

There was no personal service upon either of de-
fendants, but the judgments are based upon the following
service:

"Executed the within summons on Andrews
Bros., a partnership composed of Abe Andrews and
Sam Andrews, and executed upon Sam Andrews and
Abe Andrews, partners doing business in the name
of Andrews Bros., by delivering a true copy of the
within summons to H. P. McDonald, their agent and
manager in charge of their business which is carried
on in Simpson county, Ky., the county in which the
cause of action herein occurred, the members of said
partnership being residents of another state and now
absent from Kentucky."

The defendants appeared only for the purpose of
entering a motion to quash the return on the summons,
and entered such motion, and, after the filing of affidavits
by each party, the court overruled the motion and held
the service to be good. The defendants failing to plead
personal judgment went against them, and they have ap-
pealed.

Subsection 6 of section 51 of the Civil Code of Prac-
tice is the authority claimed by appellees to validate this
service and uphold the judgment. That subsection is
chapter 201 of the Acts of 1891-92-93, p. 911, and is as
follows:

"In actions against an individual residing in an-
other state, or a partnership, association, or joint-
stock company, the members of which reside in an-
other state, engaged in business in this state, the
summons may be served on the manager, or agent of,
or person in charge of, such business in this state,
in the county where the business is carried on, or in
the county where the cause of action occurred."

The precise question involving the effect of service
under the above-quoted subsection has been recently
passed upon by the Supreme Court of the United States.

In the case of Flexner v. Farson, et al., 248 U. S. 289, 39
S. Ct. 97, 63 L. Ed. 250, appealed to the Supreme Court
of the United States from the Supreme Court of Illinois,
the validity of a service under this subsection was in-
volved.

The case arose in this way: In a Kentucky court a
judgment was taken against Farson et al., members of
a nonresident partnership, the summons was served in
Kentucky upon Flexner, who was the nonresident agent
of defendants, and the transaction out of which the judg-
ment grew took place in Kentucky. The service was had
under the quoted statute, and the summons executed
thereunder.

The plaintiffs in that judgment went to the state of
Illinois and sought to enforce the collection of such judg-
ment in the courts of that state, and procured personal
service in that action upon one of the defendants in the
judgment. That defendant, among other things, relied
upon the unconstitutionality of the quoted subsection and
the lack of jurisdiction of the Kentucky court to enter
the judgment. It was so held by the Supreme Court of
Illinois. 268 Ill. 435, 109 N. E. 327, Ann. Cas. 1916D, 810.

The case was then appealed to the Supreme Court of
the United States, and Mr. Justice Holmes, after stating
the facts, and upon the assumption that Flexner was the
agent in Kentucky of the nonresident firm at the time the
transaction occurred in Kentucky, said:

> "It is argued that the pleas tacitly admit that
> Washington Flexner was agent of the firm at the
> time of the transaction sued upon in Kentucky, and
> the Kentucky statute is construed as purporting to
> make him agent to receive service in suits aris-
> ing out of the business done in that state. On this
> construction it is said that the defendants by doing
> business in the state consented to be bound by the
> service prescribed. The analogy of suits against in-
> surance companies based upon such service is in-
> voked. Mutual Reserve Fund Life Association v.
> Phelps, 190 U. S. 147, 23 S. Ct. 707, 47 L. Ed. 987.
> But the consent that is said to be implied in such
> cases is a mere fiction, founded upon the accepted
> doctrine that the states could exclude foreign cor-
> porations altogether, and therefore could establish
> this obligation as a condition to letting them in. La-

fayette Ins. Co. v. French, 18 How. 404, 15 L. Ed. 451; Pennsylvania Fire Ins. Co., v. Gold Issue Mining & Milling Co., 243 U. S. 93, 96, 37 S. Ct. 344, 61 L. Ed. 610. The state had no power to exclude the defendants and on that ground without going farther the Supreme Court of Illinois rightly held that the analogy failed, and that the Kentucky judgment was void. If the Kentucky statute purports to have the effect attributed to it, it cannot have that effect in the present case. New York Life Ins. Co. v. Dunlevy, 241 U. S. 518, 522, 523, 36 S. Ct. 613, 50 L. Ed. 1140. "Judgment affirmed."

The distinction pointed out in that opinion between the power of the state to provide for substituted service upon nonresident corporations doing business in it, because the state in the exercise of the police power has the right to entirely exclude such corporations from doing business within its borders, and the power of the state to obtain jurisdiction by substituted service of nonresident individuals or partnerships, is too clear for elucidation. The right to fix the terms upon which a nonresident corporation may do business in the state is fundamentally different from the power to subject nonresident individuals to the jurisdiction of the courts by substituted service. In the one case the state in the exercise of its police power may wholly exclude a nonresident corporation from doing business, and, having that power, it necessarily has the power to fix the terms upon which such corporation may come in to the state and do business. But the power of the state to wholly exclude individual residents of another state from doing business therein is from its very nature contrary to any conception of our form of government or the federal Constitution, and, not having the right to wholly exclude them, it has no right to acquire jurisdiction of their persons by a provision for substituted service. It is not due process of law to acquire jurisdiction to enter a personal judgment by a substituted service upon an individual or partnership composed of persons none of whom are served within the jurisdiction.

It results from the opinion in Flexner v. Farson that the judgment entered by the Simpson circuit court is void, and could not be enforced either in this state or elsewhere. Having this view of the matter, we have not

deemed it necessary to determine whether the act of 1893, quoted, was or not enacted in compliance with section 51 of our state Constitution.

The trial court erred in not quashing the summons, and, for that reason, the judgment is reversed, with directions to set aside the judgment and quash the return.