## Colyer v. Wheeling Tile Co.

June 20, 1941.

B. J. Bethurum and Joe Hobson for appellant.

Ben V. Smith & Son for appellee.

Opinion of the Court by Sims, Commissioner—Affirming.

Z. M. Ford is an architect and contractor residing in Somerset, Ky. A. G. Colyer, also a resident of that city, ordered some ornamental building tile from Ford to be used in a garage building Colyer was constructing in Somerset. The tile cracked and fell from the building within a few months after it was put on, and Colyer filed this action against the Wheeling Tile Company, a corporation of West Virginia, alleging that the tile was defective and that Ford is its agent, and was acting as such when he sold plaintiff the tile manufactured by defendant.

The company was the sole defendant in the action, and this return was made on the summons (omitting the signature):

> "Executed by delivering a true copy of the within summons on Z. M. Ford, Somerset, Pulaski County, Ky., who was then and there the acting general agent of the defendant, Wheeling Tile Company of Wheeling, West Virginia, a corporation, in Pulaski County, Ky."

The defendant appeared only for the purpose of filing a motion to quash, and upon a hearing of this motion each party filed affidavits going to the fact of whether or not Ford was the agent of defendant at the time this tile was sold. The court held the service was bad and granted plaintiff leave to continue the action so that he might attempt to obtain service on the defendant. The plaintiff refused the leave to continue, but elected to stand on the process and the return thereon. Whereupon the court dismissed the petition and this appeal followed.

To sustain this service the plaintiff relies upon Section 51, Subsection 6, of the Civil Code of Practice, which reads:

> "In actions against an individual residing in another State, or a partnership, association, or joint

stock company, the members of which reside in another State, engaged in business in this State, the summons may be served on the manager, or agent of, or person in charge of, such business in this State, in the county where the business is carried on, or in the county where the cause of action occurred.''

The substance of the affidavits filed on behalf of plaintiff is that Ford solicited plaintiff to purchase this tile through him from samples of defendant's tile which he had in his possession; that Ford represented that he could get a dealer's discount and thus save plaintiff upon the purchase price, but as Ford was financially unable to pay for the tile, plaintiff paid for it at his request; that after the tile went bad the defendant sent a representative to inspect the job and he found inside tile had been used for outside work, and agreed to replace the broken tile and to send it to Ford, whom he directed to lay the tile; that Ford had made numerous sales of defendant's tile in the community. There was a conclusion contained in the affidavits filed by plaintiff that Ford was the agent of the defendant.

The affidavits filed by the defendant were to the effect that Ford had no connection with it and that it had no office, warehouse or agent in Kentucky; that it sold Ford tile f. o. b. Wheeling, West Virginia, under C. O. D. bill of lading; that from samples of defendants' tile which he had in his possession Ford agreed with plaintiff to furnish and install the tile at a certain price and that he ordered the tile from the defendant shipped C. O. D. and that plaintiff paid therefor; that Ford ordered numerous shipments of tile for other work and he was given a dealer's discount; that he never transacted any business for defendant and he was an architect and contractor.

The fact that defendant sent a representative to inspect the tile after it had cracked and agreed to replace same, had no bearing upon the fact of whether or not Ford was its agent. It was perfectly natural for defendant to show this interest and to act in this manner when its product was criticized as being defective. It is evident that Ford was not ''the manager, or agent of, or person in charge of'' defendant's business in this state and that service had on him was not binding on the defendant. This very question was before us in

Andrews Bros. v. McClanahan, 220 Ky. 504, 295 S. W. 457, wherein the court, basing its opinion on Flexner v. Farson, 248 U. S. 289, 39 S. Ct. 97, 63 L. Ed. 250, held such service was bad. Indeed, the plaintiff admits that the Flexner case is binding on this court as was held in Andrews Bros. v. McClanahan, supra, unless it be that Doherty & Co. v. Goodman, 294 U. S. 623, 55 S. Ct. 553, 554, 79 L. Ed. 1097, abrogates the rule laid down in the Flexner case.

We have read carefully the Doherty case and cannot agree with counsel for plaintiff that it changes the rule enunciated in Flexner v. Farson, supra, in any way. The two cases are clearly distinguishable upon their facts. Doherty, a citizen of New York, trading as Henry L. Doherty & Company, established an office in Des Moines, Iowa, and designated one King as district manager. King took charge of the office and directed Doherty's business in selling corporate securities through agents and clerks and stock salesmen, who were paid directly from New York. There the summons was served upon King as district manager for Doherty. The United States Supreme Court in holding that the service on King as such district manager was good on Doherty said:

> "Flexner v. Farson, 248 U. S. 289, 39 S. Ct. 97, 63 L. Ed. 250, much relied upon, does not sustain appellant's position. There the service was made upon one not then agent for the defendants; here the situation is different. King was manager of the appellant's office when the sale contract was made; also when process was served upon him."

The trial judge correctly held the service on Ford did not bring the defendant corporation before the court as Ford was not its agent, and the judgment is affirmed.