## Anderson's Adm'r v. Delapp.

Nov. 9, 1945.

C. Maxwell Brown for appellant.

Fielden Woodward and Woodward, Dawson & Hobson for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

Appellant seeks recovery of appellee in the sum of $5,000, by virtue of an obligation allegedly evidenced by a promisory note, which reads as follows:

"Promissory Note"

"$5,000.00                           Independence, Missouri,

July 10, 1941

"For Value Received, on or before January 2, 1943, I, or my successor in office as Trustee, promise to pay to Mrs. Sara Bower Anderson, 113 E. Jefferson St., Louisville, Ky., the sum of Five Thousand ($5,000.00) And No/100........Dollars, at the office of the Presiding Bishopric, at the Auditorium, Independence, Missouri, without interest either before or after maturity.

"It is understood as a condition of this note that the said Sara Bower Anderson must be alive at the time when a payment is to be made hereon, and that upon her death all further obligations of this note are cancelled and terminated.

"G. L. Delapp
"Presiding Bishop, as Trustee in Trust for the Reorganized Church of Jesus Christ of Latter Day Saints."

An alias summons was served on W. O. Robertson in Louisville, as agent of appellee. By special appearance, appellee moved the Court to quash the summons and return thereon, and in support of the motion alleged that: (1) Appellee at the time of service was not engaged in business in this State, and was not subject to be sued herein; and (2) Mr. Robertson was not an agent or officer upon whom process could be served for appellee.

Section 51, Subsection 6, Civil Code of Practice, at the time the summons was served (which was before its amendment in 1944, Laws 1944, c. 159), provided: "In actions against an individual residing in another State, or a partnership, association, or joint stock company, the members of which reside in another State, engaged in business in this State, the summons may be served on the manager, or agent of, or person in charge of, such business in this State, in the county where the business is carried on, or in the county where the cause of action occurred."

The Section, as amended in 1944, provides: "When any association or any company other than a corporation or when any individual has, for the transaction of any business, an office or agency in any county of this state other than that in which the principal resides, service of process may be had on the agent or manager in charge of such office or agency, in all actions growing out of or connected with the business of that office or agency."

In Flexner v. Farson, 248 U. S. 289, 39 S. Ct. 97, 63 L. Ed. 250, the Supreme Court of the United States declared Section 51, Subsection 6, supra, previous to its amendment, to be in contravention of the Federal Constitution. Following that decision, and pursuant to it,

this Court, in Andrews Bros. v. McClanahan, 220 Ky. 504, 295 S. W. 457, declared that provision of the Code to be unconstitutional. The basis of the decisions was that the section under consideration discriminated against non-residents of the State. In Henry L. Doherty & Co. v. Goodman, 294 U. S. 623, 55 S. Ct. 553, 79 L. Ed. 1097, the Supreme Court held that service on an agent of a non-resident was sufficient to bring the nonresident before the court for personal judgment, where the Act, authorizing the service applied equally to residents and nonresidents of the state. The question in that case was raised under an Iowa Statute, which provided: "When a corporation, company, or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency."

It will be noted that the 1944 amendment to Section 51, Subsection 6, supra, is almost identical with the section of the Iowa Code which was held to be constitutional in Doherty & Co. v. Goodman, supra, and apparently was enacted to meet the criticism of the original section in the opinions in Flexner v. Farson, supra, and Andrews Bros. v. McClanahan, supra. It is apparent, therefore, that the service sought to have been obtained on the agent of appellee under the unconstitutional provision of the Code is void, as was determined by the Court below.

But it is argued that, since the 1944 amendment is a remedial statute, it has retroactive effect, thus validating the service of the summons on the agent. Even though it be conceded that the Act is retroactive in so far as it would authorize service after its effective date upon a cause of action which accrued prior to its enactment, it cannot have the effect of giving life to a void proceeding.

The judgment is affirmed.