## De Lapp et al. v. Anderson's Adm'r.

May 23, 1947.

William H. Field, Judge.

Woodward, Dawson, Hobson & Fulton and Henry D. Hopson for appellant.

Maxwell Brown for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

Action was brought by the appellee, James P. Anderson, against the appellant, G. L. De Lapp, on a promissory note, which reads as follows:

"Promissory Note

"Independence, Missouri,

"$5,000.00 July 10, 1941

"For value received, on or before January 2, 1943, I, or my successor in office as Trustee, promise to pay to Mrs. Sara Bower Anderson, 113 E. Jefferson St., Louisville, Ky., the sum of Five Thousand ($5,000.00) and NO/100 Dollars at the office of the Presiding Bishopric, at the Auditorium, Independence, Missouri, without interest either before or after maturity.

"It is understood as a condition of this note that the said Sara Bower Anderson must be alive at the time when a payment is to be made hereon, and that upon her death all further obligations of this note are cancelled and terminated.

"G. L. DeLAPP

"Presiding Bishop, as Trustee in Trust for the reorganized Church of Jesus
"No. 5142 Christ of Latter Day Saints."

Summons was served on W. O. Robertson, agent of appellant. Appellant filed motion to quash the return, in support of which, affidavit of W. O. Robertson was filed. This motion was overruled. Appellant then moved the court to require appellee to file the original

note sued upon. This motion was confessed and the note was filed. The appellant then filed a demurrer to appellee's petition and amended petitions, which was overruled. Appellant then filed his answer, in which, after certain denials, the condition contained on the face of the note was affirmatively pleaded. Appellee demurred to appellant's answer, which was sustained. Appellant declined to plead further. Judgment was entered in favor of appellee on the note. The defendant below prosecutes this appeal, and appellee cross appeals raising the question as to the proper date from which the note should bear interest.

Appellant insists first that the court below erred in overruling appellant's motion to quash the summons and return thereon. This identical question was presented this court in a former appeal of this cause styled Anderson's Adm'r v. De Lapp, 300 Ky. 785, 190 S. W. 2d 471, in which this court held that the service was void, and affirmed the decision of the trial court quashing the service. It might be stated, however, in that case the service was obtained before Section 51, subsection 6 of the Civil Code of Practice was amended, and it was indirectly said, although the constitutionality of the act was not in question, that the only reason for sustaining the position of the lower court was that the service of summons was prior to the amendment in 1944. We deem it unnecessary to discuss this question raised by appellant in view of the fact that following the motion to quash the summons a motion was immediately entered to require the plaintiff to file the original note, following which a demurrer was filed. Following this an answer setting up affirmative defense was filed. Further, do we deem it unnecessary in view of our final conclusion herein.

Appellant next insists the court erred in sustaining appellee's demurrer to the answer to the petition as amended. It is not entirely clear from this record the position the court below took in sustaining appellee's demurrer to the answer, other than what is gleaned from the brief of appellee. Appellee injects into his brief some idea that the court felt that the conditional clause at the foot was against public policy. Appellee insists that the clause was placed there by the maker of the note and would not be at all binding upon the payee of·

the note, and that it could not be of testamentary force because of its irrevocability.

It appears to us that a letter written prior to the loan and execution of the note above is significant in a proper determination of this case. This letter reads as follows:

> "113 E. Jefferson Street
>
> "Louisville, Ky.

"Dear Bro. De Lapp:

"I didn't hear from you so I sold my house in Indianapolis.

"I haven't filed my inventory but this is all I have to take care of me should I live to be helpless. Neither am I able to help the church as Id like so I'm anxious to to know if the church will take care of it a year or two for the use of it—: Give me a non interest bearing note with a clause added that will cancel the debt in case of my death.

"I can let you have five-thousand and that will leave me near thirty dollars for sickness or imergency.

"Please let me hear real soon.

> "Yours in Christ.

"6-30-41 Sara Bower Anderson."

Attention is called to that portion of the letter which reads: "Give me a non interest bearing note with a clause added that will cancel the debt in case of my death." That was a positive direction as to how the note should be written. The note was written in conformity with that direction and request. The above note, obviously, must be construed as constituting a gift, a testamentary disposition, or a valid contractual obligation. Obviously, it is not a gift inter vivos, and it is equally obvious that it is not an attempted testamentary disposition, for if it must be treated as such, it is wholly void. Sara B. Anderson evidently was devoted to her church. She wanted to assist the church. She was willing to make the loan and allow the church to have the use of the money without interest, but protected herself in the event she should become helpless and penniless, and needed the money. With this in mind she provided

for the payment of the note, but directed that in the event of her death, further obligations of the note were cancelled and terminated. Undoubtedly, the note was a valid contractual obligation, and since on its face it was cancelled at her death, pursuant to her letter requesting same, we think the lower court erred in sustaining appellee's demurrer to the appellant's answer. See the following cases as to a bearing upon, and determination of, this question. McGlasson v. McGlasson's Ex'r, 56 S. W. 510; Bergman v. Ornbaun et al., 33 Cal. App. 2d 680, 92 P. 2d 654; Milligan et al. v. Gwinn's Adm'r et al., 291 Ky. 21, 163 S. W. 2d 31.

We inescapably conclude, therefore, that the lower court erred in sustaining demurrer to the appellant's answer to amended petition. Thus concluding, it becomes entirely unnecessary to consider the question of appellee's cross appeal as to the date from which the note should draw interest since that matter must fall with a reversal on the direct appeal.

The judgment on the direct appeal is reversed.