FLEXNER *v.* FARSON ET AL., PARTNERS UNDER THE NAME AND STYLE OF FARSON, SON & COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 101.  Submitted December 18, 1918.—Decided January 7, 1919.

A State has no power to provide that nonresident individuals, in suits growing out of their business transacted within the State through a local agent, shall be bound by process served upon him after the agency is at an end; and a judgment against a firm of nonresidents, based upon such service, is void.  P. 293.

The power to make such provision as against foreign corporations springs from the power to exclude such corporations from local business, whence, by fiction, the continued agency to receive service is attributed to the corporation's implied consent; but there is no room for implying consent in the case of nonresident natural persons, since the power to exclude from local business does not exist as to them.  *Id.*

268 Illinois, 435, affirmed.

THE case is stated in the opinion.

*Mr. Jos. S. Laurent* for plaintiff in error.  *Mr. Ralph D. Stevenson* and *Mr. Robert G. Gordon* were also on the brief:

Subsection 6 of § 51, Kentucky Civil Code,[1] affords due process of law and is not violative of the Federal Constitution.

"Due process of law" is not susceptible of any restricted definition, but can be adapted to the changing conditions

[1] "In actions against an individual residing in another State, or a partnership, association, or joint stock company, the members of which reside in another State, engaged in business in this State, the summons may be served on the manager, or agent of, or person in charge of, such business in this State, in the county where the business is carried on, or in the county where the cause of action occurred."

of· society and business. Any legal proceeding which is
consonant with natural justice in the light of present con-
ditions affords due process of law. It does not require ad-
herence to fixed rules of procedure. Magna Charta,
§§ XXXIX and XL; Daniel Webster's Definition of "due
process of law;" *Iowa Central Ry. Co.* v. *Iowa,* 160 U. S.
389; Black, Constitutional Law, pp. 571–572; *Hurtado* v.
*California,* 110 U. S. 516; 2 Words & Phrases (N. S.), p.
167; *State* v. *Sponaugle,* 45 W. Va. 415; *Davidson* v. *New
Orleans,* 96 U. S. 97; *Tenement House Department* v.
*Weil,* 134 N. Y. Supp. 1062; *Ballard* v. *Hunter,* 204 U. S.
241; *Guenther* v. *American Steel Hoop Co.,* 116 Kentucky,
580. The decision of the Supreme Court of Illinois that
personal service of summons is essential to due process of
law is illogical and unsound when applied to different states
of fact. There are many proceedings which afford due
process of law although personal service of summons is not
made on the defendant. We refer to the proceedings *in
rem* for the attachment and sale of property (*Pennoyer* v.
*Neff,* 95 U. S. 714), and proceedings under the power of
eminent domain; also to proceedings under the taxing
power (*Ballard* v. *Hunter, supra*); and to suits against
infants and lunatics where the summons is served on the
guardian or committee. It has likewise been held that
summons may be left at the regular place of abode in
the State of a resident defendant and that such service
constitutes due process of law. *McDonald* v. *Mabee,* 243
U. S. 90. The facts and circumstances of each case must
be considered, and, if the proceeding is appropriate, rea-
sonable and just, it will be upheld by the courts whether
it be a judgment *in rem* or *in personam,* and although per-
sonal service was not made on the defendant.

Any nonresident who carries on business in the State
through an agent impliedly assents and agrees that, in
suits growing out of the business, process may be
served upon him by service as provided in the statute;

the statute is impliedly written into every contract entered into in Kentucky under circumstances which make it applicable. . *Edwards* v. *Kearzey*, 96 U. S. 595; *Grannis* v. *Ordean*, 234 U. S. 385; *Guenther* v. *American Steel Hoop Co.*, 116 Kentucky, 580; *Johnson* v. *Westfield's Admr.*, 143 Kentucky, 10; *Alaska Commercial Co.* v. *Debney*, 141 Fed. Rep. 1; *Pennoyer* v. *Neff*, 95 U. S. 714, 734; *In re Grossmayer*, 177 U. S. 48; *Wilson* v. *Seligman*, 144 U. S. 41; *Kane* v. *New Jersey*, 242 U. S. 160; *Continental National Bank* v. *Folsom*, 78 Georgia, 449; *Vallee* v. *Dumergue* (1849), 4 Exch. 290; *Copin* v. *Adamson* (1874), L. R., 9 Exch. 345; *Bank of Australasia* v. *Nias* (1851), 16 Q. B. 717; *Thomas* v. *Matthiessen*, 232 U. S. 221; *Mutual Reserve Fund Life Assn.* v. *Phelps*, 190 U. S. 147.

Under the Fourteenth Amendment no distinction can be made as to the validity of the judgment in the State of rendition and in other States; if valid at home it is valid everywhere. *McDonald* v. *Mabee*, 243 U. S. 90.

The Kentucky law does not deny equal privileges and immunities to the citizens of the several States. . It applies to all citizens alike who are nonresidents of the State. It is well settled that a State may provide a mode of service for nonresidents different from that which applies to residents. *Blake* v. *McClung*, 172 U. S. 239; *Conner* v. *Elliott*, 18 How. 591; *Ballard* v. *Hunter*, 204 U. S. 241; *Watson* v. *Nevin*, 128 U. S. 578; *Hayes* v. *Missouri*, 120 U. S. 68.

A State may validly provide by statute that process against the members of a nonresident partnership may be served on the agent who was in charge of their business in said State and transacted the business in the State out of which the suit arose, although such agent had ceased to represent his principals at the time of the institution of the suit; provided there be no other agent in the State on whom process can be served. *Nelson Morris* v. *Rehkopf & Sons*, 25 Ky. Law Rep. 352; *International Harvester*

*Co.* v. *Commonwealth,* 147 Kentucky, 664; *Fireman's Ins. Co.* v. *Thompson,* 155 Illinois, 204; *Mutual Reserve. Fund Life Assn.* v. *Phelps,* 190 U. S. 147.

*Mr. Harry P. Weber* and *Mr. George W. Miller* for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought by the plaintiff in error upon a judgment for money rendered by a Kentucky Court. The declaration alleges that the transaction in respect of which the judgment was rendered took place at Louisville, Kentucky, and that at that time the defendants were doing business there as partners through Washington Flexner, who was and continued to be their agent until the time of this suit. It further alleges that the defendants were nonresidents and that the service of summons of the Kentucky suit was made upon Washington Flexner in accordance with a Kentucky statute authorizing it to be made in that way. The defendant William Farson was the only one served with process in the present action and he pleaded that the defendants in the former suit did not reside in Kentucky, were not served with process and did not appear; that Washington Flexner was not their agent at the time of service upon him; that the Kentucky statute relied upon was unconstitutional; that the Kentucky Court had no jurisdiction, and that its judgment was void under the Constitution of the United States. The plaintiff demurred to the pleas, and stood upon his demurrer when it was overruled, whereupon judgment was entered for the defendants. There was an appeal to the Supreme Court of the State on the ground that the Court below did not give full faith and credit to the Kentucky judgment and erred in holding the Kentucky statute as to service unconstitutional. The Supreme Court affirmed the judg-

ment below. 268 Illinois, 435. The same errors are alleged here.

It is argued that the pleas tacitly admit that Washington Flexner was agent of the firm at the time of the transaction sued upon in Kentucky, and the Kentucky statute is construed as purporting to make him agent to receive service in suits arising out of the business done in that State. On this construction it is said that the defendants by doing business in the State consented to be bound by the service prescribed. The analogy of suits against insurance companies based upon such service is invoked. *Mutual Reserve Fund Life Association* v. *Phelps*, 190 U. S. 147. But the consent that is said to be implied in such cases is a mere fiction, founded upon the accepted doctrine that the States could exclude foreign corporations altogether, and therefore could establish this obligation as a condition to letting them in. *Lafayette Ins. Co.* v. *French*, 18 How. 404. *Pennsylvania Fire Ins. Co.* v. *Gold Issue Mining & Milling Co.*, 243 U. S. 93, 96. The State had no power to exclude the defendants and on that ground without going farther the Supreme Court of Illinois rightly held that the analogy failed, and that the Kentucky judgment was void. If the Kentucky statute purports to have the effect attributed to it, it cannot have that effect in the present case. *New York Life Ins. Co.* v. *Dunlevy*, 241 U. S. 518, 522, 523.

*Judgment affirmed.*