**PERRY v. ARGUELLES et al.**
(No. 1403.)

(Court of Civil Appeals of Texas. El Paso. Jan. 4, 1923.)

**Death** ⊝⇒9—Judgment against individual on cause of action accruing before statute unauthorized.

No cause of action existed for wrongful death caused individual or his agent occurring November 17, 1920, for the then existing law, Act April 7, 1913, c. 143 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4694), gave right to recover for wrongful death against corporations only, and was not amended to include actions against natural persons until the enactment of Acts 37th Leg. (1921) c. 109 (Vernon's Ann. Civ. St. Supp. 1922, arts. 4694–4694b).

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Dolores Arguelles and others against E. G. Perry. From judgment for plaintiffs, defendant appeals. Reversed.

A. W. Norcop, of El Paso, for appellant.

O. A. Larrazolo, of Albuquerque, N. M., and N. D. Meyer, of El Paso, for appellees.

HARPER, C. J. Dolores Arguelles, surviving widow, and the surviving children of Eduardo Arguelles recovered judgment for damages for the death of the latter. It was alleged that he was killed in a collision between deceased and a motor vehicle operated by appellant's servant. The accident and death occurred November 17, 1920, and there is no dispute that the motor vehicle was operated by an employee of the appellant.

It is therefore apparent upon the face of the record that there was no authority in law for the judgment rendered, for the reasons assigned in the case of Oberstone v. Armendariz et ux. (Tex. Civ. App.) 244 S. W. 644:

"At common law no right of action existed to recover damages for injuries resulting in the death of the injured; such right of action exists now only by reason of statute laws enacted for that purpose. Bank v. Hanks, 104 Tex. 320, 137 S. W. 1120, Ann. Cas. 1914B, 368.' In Texas this right of action was first created by the statute of February 2, 1860 (4 Gam. Laws, 1394), which was subsequently amended by the acts of March 25, 1887 (9 Gam. Laws, 842), of April 11, 1892 (10 Gam. Laws, 369), and of April 7, 1913 (16 Gam. Laws, 288), which latter act was in force at the time this accident occurred, on May 23, 1921. The title under which the act of 1913 was passed was: 'An act to amend article 4694 of the Revised Civil Statutes of 1911, giving cause of action where injuries resulting in death is caused by the negligence of a corporation, its agents or servants, and declaring an emergency.'

"(2) In Rogers v. Tobias, 225 S. W. 804, it was expressly held by the Court of Civil Appeals of the First District that the act of 1913 could not be made to apply to actions for damages against natural persons, for wrongful death occasioned by the acts of the agents of such natural persons, for the reason that no such purpose in the statute was expressed in, or could be implied from, its title. By refusing a writ of error in that case, the Supreme Court made the decision therein the law in this state, and no good purpose could be served by this court in discussing the question decided. The Legislature, apparently acquiescing in the decision, promptly amended the act, and the title thereto, to conform to the opinion in that case (Gen. Laws 37th Leg. Reg. Sess. p. 212; Vernon's Ann. Civ. St. Supp. 1922, arts. 4694–4694b); but this curative act had not gone into effect at the time appellees' cause of action occurred, and therefore there was no authority in law for the judgment rendered.

"Other questions are raised in the appeal, but become immaterial in view of the foregoing."

Reversed and rendered.