## HENRY L. DOHERTY & CO. *v.* GOODMAN.

No. 469.   Argued February 11, 1935.—Decided April 1, 1935.

*Mr. Fred W. Lehmann, Jr.,* for appellant.

*Mr. Joseph I. Brody,* with whom *Messrs. Clyde B. Charlton* and *George E. Brammer* were on the brief, for appellee.

Mr. Justice McReynolds delivered the opinion of the Court.

In 1926 Henry L. Doherty, citizen of New York, trading as Henry L. Doherty & Company, established an office at Des Moines, Polk County, Iowa, and there through agents carried on the business of selling corporate securities throughout the State. E. A. King, designated as District Manager, took charge of this office in January, 1929, and continued to direct its affairs during the time here important. Under him were clerks and stock salesmen, paid directly from New York.

A salesman operating from the Des Moines office, September 1, 1929, negotiated in that city a sale of stock to appellee Goodman, and out of this the present controversy arose. The only power or authority expressly conferred upon King by Doherty was to sell securities and supervise other employees; he never in terms consented that service of process upon this agent should constitute service upon himself.

Sec. 11079, Iowa Code 1927, also 1931, in effect since 1851, provides:

" When a corporation, company, or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency."

July 31, 1931, appellee Goodman commenced an action against Doherty in the District Court, Polk County, wherein he sought only a personal judgment for damages arising out of the sale contract of September 1, 1929. The usual summons or notice commanding the defendant to appear was served upon District Manager King.

Doherty appeared specially. He challenged the jurisdiction of the court; claimed he had not been within the State; King had no authority to accept service of process

in his behalf; the alleged service was ineffective; and to hold otherwise would deprive him of rights guaranteed by the Federal Constitution. The District Court, relying upon Code § 11079, overruled the special plea and held the service adequate. Doherty made no further appearance. Judgment against him was affirmed by the Supreme Court.

The cause is here by appeal. Appellant insists that if construed as applicable to him, a citizen of another State never in Iowa, in the circumstances disclosed by the record, § 11079 offends the Federal Constitution, § 2, Art. 4, and § 1, 14th Amendment.

The Supreme Court affirmed the action of the trial court upon authority of *Davidson* v. *H. L. Doherty & Co.,* (1932) 214 Iowa 739; 241 N. W. 700. The opinion in that cause construed § 11079 and, among other things, said:

"By its terms, and under our holding, the statute is applicable to residents of 'any other county' than that in which the principal resides, whether such county be situated in Iowa or in some other state. In other words, the statute does apply to non-residents of Iowa who come within its terms and provisions, as well as to residents. Our construction of the statute has stood since 1887. . . . We adhere to our former holdings that the statute is applicable to individual non-residents who come within its express terms and provisions. . . .

"The statute in question does not in any manner abridge the privileges or immunities of citizens of the several states. It treats residents of Iowa exactly as it treats residents of all other states. The citizens of each state of the United States are, under this statute, entitled to all the privileges and immunities accorded citizens of this state.

"The justice of such a statute is obvious. It places no greater or different burden upon the non-resident than

upon the resident of this state. . . . A non-resident who gets all the benefit of the protection of the laws of this state with regard to the office or agency and the business so transacted ought to be amenable to the laws of the state as to transactions growing out of such business upon the same basis and conditions as govern residents of this state. . . . It makes no hostile discrimination against non-residents, but tends to put them on the same footing as residents. . . .

" ' Four things are, under this statute, essential to the validity of such service. 1. The defendant must have an office or agency in the county. 2. It must be a county other than that in which he resides. 3. The action must grow out of or be connected with the business of that office or agency. 4. The agent or clerk upon whom service is made must be employed in such office or agency.' . . .

" When a non-resident defendant establishes an office or agency for the transaction of business in any county in this state under this statute, he thereby voluntarily appoints his own agent, in charge of said office or agency, as one upon whom substituted service in actions in personam, growing out of that office or agency, may be made. . . . Under our statute, the implied consent to be sued in this state is limited to proceedings growing out of the business transacted through the office or agency in this state. It is required that the agent shall actually receive a copy of the notice of suit and that it shall be read to him. . . . The action must grow out of the business of that very agency. Ample time is given the defendant to appear and defend; there is not only ' reasonable probability' but practical moral certainty that the defendant will receive actual notice of the pendency of the action."

Iowa treats the business of dealing in corporate securities as exceptional and subjects it to special regulation. Laws 1913, c. 137; Laws 1921, c. 189; Laws 1929, c. 10, approved Mar. 19, 1929. The last cited Act requires reg-

istration and written consent for service of process upon the Secretary of State. See *Merrick* v. *Halsey & Co.,* 242 U. S. 568. Doherty voluntarily established an office in Iowa and there carried on this business. Considering this fact, and accepting the construction given to § 11079, we think to apply it as here proposed will not deprive him of any right guaranteed by the Federal Constitution.

*Flexner* v. *Farson,* 248 U. S. 289, much relied upon, does not sustain appellant's position. There the service was made upon one not then agent for the defendants; here the situation is different. King was manager of the appellant's office when the sale contract was made; also when process was served upon him. Moreover, under the laws of Iowa, neither her citizens nor non-residents could freely engage in the business of selling securities.

The power of the States to impose terms upon non-residents, as to activities within their borders, recently has been much discussed. *Hess* v. *Pawloski,* 274 U. S. 352; *Wuchter* v. *Pizzutti,* 276 U. S. 13; *Young* v. *Masci,* 289 U. S. 253. Under these opinions it is established doctrine that a State may rightly direct that non-residents who operate automobiles on her highways shall be deemed to have appointed the Secretary of State as agent to accept service of process, provided there is some " provision making it reasonably probable that notice of the service on the Secretary will be communicated to the non-resident defendant who is sued."

So far as it affects appellant, the questioned statute goes no farther than the principle approved by those opinions permits. Only rights claimed upon the present record are determined. The limitations of § 11079 under different circumstances we do not consider.

*Affirmed.*