## DOGGETT v. PEEK et al.
### No. 259.

District Court, N. D. Texas, Dallas Division.
May 14, 1940.

Pinkney Grissom, of Dallas, Tex., for the motion.

Curtis White and George E. Seay, both of Dallas, Tex., opposed.

ATWELL, District Judge.

The plaintiff sues for the death of her mother and father on March 10, 1939, in this division of this district. She claims that she is the only child, and that neither of the deceased had any living parent.

She says that while her parents were riding in an automobile a few miles south of Waxahachie, Texas, one F. B. Doggett—though the same name, no kin—was operating an automobile belonging to the defendants. That said defendants form a partnership known as John Deere Plow Company. That at that time the said F. B. Doggett was the duly authorized agent and representative of the defendants, a partnership, and that "he was in the course of his employment in driving the automobile, in that he was engaged in carrying out a mission for the said partnership." That while so operating the said automobile, he was negligent and that such negligence caused the death of her parents. She asks for $75,000 damages.

It is shown in her petition that the defendants are residents of Moline, Illinois. That as "individuals and also partnership," they have an office and place of business, or, agency in Dallas County, Texas. Service of process was had upon the manager and agent of said business at Dallas.

The motion to dismiss sets out that the process was served on the business agent of the defendants in Dallas. That neither of them has been properly served with process. That the court is without jurisdiction over them, and "has no power to render a personal judgment against these defendants." They further state that the cause should be dismissed because "it is brought in the wrong district, since the defendants and each of them reside in the state of Illinois and not in the northern district of Texas." An affidavit filed with the motion supports the fact allegations, even, as does the plaintiff's complaint.

The defendant offers the case of Flexner v. Farson, 248 U.S. 289, 39 S.Ct. 97, 63 L.Ed. 250, as authority.

The plaintiff counters by calling the court's attention to Article 2033b of the Revised Civil Statutes of Texas for 1925, as amended in 1935 by the acts of the Forty-Fourth Legislature, Vernon's Ann. Civ.St.Tex. art. 2033b: "When an individual, partnership or unincorporated association (either being referred to herein as principal, whether one or more) has, for the transaction or doing of any business in Texas, an office, place of business, or agency in any county other than that in which the principal resides, service of citation or other civil process to bind any such principal, may be made on any agent or clerk employed in such office, place of business or agency, in all suits or actions growing out of or connected with such business and brought in the county in which such office, place of busi-

890

ness or agency is located; and the provisions hereof shall apply as well to non-residents of the state as to non-residents of such county; * * *."

The case of Doherty & Co. v. Goodman, 294 U.S. 623, 55 S.Ct. 553, 79 L.Ed. 1097, upheld similar service in a case originating in Iowa against a defendant who resided in New York, by virtue of a local Act not quite so far-reaching as the Texas statute. Flexner v. Farson, supra, was there considered and distinguished.

■ The big thing in the service of an agent is to be assured that the cause arises out of the performance of an act within the agent's agency. The law then assumes that the agent will give notice to the principal.

The allegation of the business upon which the alleged negligent agent was engaged,. is, somewhat general, but it does recite that he was on a mission for the defendants. If the defendants wish more information about the "mission," there is a way to secure it.

■ In addition to the general doctrine just cited, the Texas statute quoted above is in line with the approved power of the states over their highways and the use thereof by non-residents. Morrow v. Asher, D.C., 55 F.2d 365.

The motion to dismiss is overruled.