THE PEOPLE OF PUERTO RICO, Plaintiff, v. CENTRAL AGUIRRE ASSOCIATES, ETC., ET AL., Defendants.

No. 9.   Argued June 7, 1943.—Decided May 4, 1944.

---

*Charles R. Hartzell* for Central Aguirre Associates. *M. Rodríguez Ramos*, Acting Attorney General, *Miguel Guerra Mondragón, Rafael Rivera Zayas, Luis Venegas Cortés*, and *Nilita Vientós Gastón* for plaintiff.

Mr. Justice Todd, Jr., delivered the opinion of the court.

This is a motion to quash service of process filed by defendant Central Aguirre Associates.

The Attorney General of Puerto Rico filed in this court a petition for leave to file an information in the nature of *quo warranto* in behalf of The People of Puerto Rico against the defendants Central Aguirre Associates (Massachusetts Trust); Central Aguirre Sugar Co. (domestic corporation); Central Machete (domestic corporation); and Luce & Company, *S. en C.* (partnership created under the Civil Code of Puerto Rico), alleging that in open violation of. Joint Resolution No. 23 of the 56th Congress, First Session, approved on May 1, 1900 (31 Stat. at Large 716, United States Code, tit. 48, §752), as well as of the local statute relating to private corporations, said trustee Central Aguirre Associates actually possesses and controls, by itself as well as by its subsidiaries or agents whom it directly dominates, that is, the respondents Central Aguirre Sugar Company, Central Machete Company, and Luce & Company, *S. en C.*, "each one of which possesses and controls in fee simple (*pleno dominio*), as each one of them has possessed and controlled for a long time past, certain tillable lands in which each and everyone of fsaid defendants dedicates itself to the planting, cultivation, and harvesting of sugar cane, and each one of the four defendants contributes to, and participates, in the said violations committed by each one of the other defendants."

He further alleges that "Central Aguirre Associates manages, controls and dominates all of the properties of

Luce & Company, *S. en C.*" and that Luce & Company "lacks real existence because the shareholders of the trustee Central Aguirre Associates and of Central Aguirre Sugar are owners of the capital of Luce & Company, *S. en C. . . .*"

Upon the granting of leave to file the information, the service of process on the defendants was ordered, and after service thereof, the marshal returned the same with the following certificate as to Central Aguirre Associates:

"I, William G. Látimer, Marshal of the Supreme Court of Puerto Rico, do hereby certify:

"That the present summons was delivered to me at 10:18 a.m. on May 28, 1941, and that I served the same by delivering faithful copies thereof, of the order of this court of May 26, 1941, and of the *quo warranto* complaint, to each and all of the defendants, viz:

"Upon Central Aguirre Associates by serving personally Marcelo J. Obén, as the agent of said entity in Puerto Rico, in his office at Aguirre, P. R., on this 9th day of June 9th, 1941, at 10:00 a.m.

"I want to state that Mr. Marcelo J. Obén, refused to accept the notice and service upon Central Aguirre Associates because neither the partnership Luce & Company, *S. en C.*, of which he is a managing partner, nor he personally, are agents or employees or representatives of said Central Aguirre Associates, and that when I insisted on leaving those papers with him, he stated that he would return them to the Supreme Court of Puerto Rico." .

Central Aguirre Associates prays that an order be entered quashing this summons on the grounds which, as summed up by the defendant trust in its brief, read as follows: "Central Aguirre Associates. is not a legal person but the common designation of the business carried on by Messrs. Charles Francis Adams, Charles G. Bancroft, Robert F. Herrick, J. Brooks, George C. Lee, George S. Munford, Jr., Eliot Wodsworth, Ellsworth Bunker, John Farr and Charles G. Meyer under a declaration of trust agreement executed at Boston, Massachusetts; none of which persons has ever been, nor is, a resident of Puerto Rico or domiciled therein; that Marcelo Obén, is in no manner or form, directly or in-

directly an agent or representative of the Associates, the trustees thereof or these persons as individuals, who have never had an agent or representative of any kind in Puerto Rico nor any office or place of business in Puerto Rico nor transacted any business therein. That no consent has ever been given for such service as was attempted or for any other service." It being alleged, therefore, that this court is without jurisdiction over said defendant and that any judgment rendered in this case against it or the persons doing business under that common designation, would be without due process of law and void, in violation of the requirements of the Constitution of the United States and the Organic Act of Puerto Rico.

The question in controversy, as was said in the case of *People* v. *South Porto Rico Sugar Company,* 56 P.R.R. 633, where a similar situation arose, is as follows: Is Central Aguirre Associates doing business in Puerto Rico, through its agents and trustees, in such a manner and to such an extent as to warrant the inference that it is present in this island and has subjected itself to its jurisdiction and its laws?

Let us examine the relations which exist among Central Aguirre Associates, Luce & Co., *S. en C.,* and Marcelo J. Obín, acording to the allegations of defendant itself and to the evidence offered at the hearing in this court. Before going any further, we wish to state that we admit finally the evidence which we admitted conditionally on the day of the hearing and we note the exception of the defendant.

Acording to said evidence, Luce & Co., *S. en C.,* has a capital of $1,203,000, of which, as originally constituted in 1919, John D. H. Luce, John Farr, Charles L. Carpenter, as general partners, contributed $1,000 each, and Charles G. Meyer, Louis Bacon, and Charles B. Bancroft, as special partners (*comanditarios*), contributed $400,000 each, their contributions being represented by nominative shares of a

par value of $10 each. At the time of the filing of the *quo warranto* proceedings, the partnership Luce & Company, *S. en C.,* was constituted by Mr. William H. Gulliver., as sole special partner ,(*comanditario*) and Edward G. English, Frederick A. Stevens, and Marcelo J. Obén as general partners, Mr. Obén having also the character of managing partner. Article 11 of the Articles of Partnership provides that the general partners shall receive from the profits of each year the sum of $1,000 and that the managing partner may be given such an additional sum as the general partners may determine as compensation for his services. All the remaining profits, except an amount fixed to meet the expenses of the business, or for working capital, or for the purpose of extending the business of the partnership, or for any other proper purpose, shall be paid to the special partners in proportion to the shares held by each. These shares of Luce & Co. which represent the interest of the special partners, are held by said partners in trust, subject to certain obligations fixed when the trust was created, for the *pro rata* beneficial interest of the stockholders of the Central Aguirre Associates in the proportion of $\frac{179,384}{180,000}$, and for the *pro rata* bneeficial interest of the stockholders of Central Aguirre Sugar Company in the proportion of $\frac{616}{180,000}$

The Attorney General alleges that the state of facts above set forth is exactly analogous to the one brought before this court in the case of *South Porto Rico Sugar Co., supra,* for which reason he prays this court to reach the same conclusion, that is, to dismiss the motion on the ground that Central Aguirre Associates is "doing business" in Puerto Rico. Let us see whether he is right.

In the *South Porto Rico Sugar Co.* case, similar to the instant case, there was a partnership (Russell & Co.) en-

gaged in the agricultural business in Puerto Rico. Said partnership, at the time of its incorporation, consisted of three managing partners who contributed $1,000 each and of three special partners (*comanditarios*), two of whom contributed $30,000 each and the other one, $40,000. The first difference is that two of the managing partners were at the same time members of the Board of Directors of the New Jersey corporation, and one of them, Mr. Dillingham, was managing partner of Rusell & Co., and president of the South Porto Rico Sugar Co. None of the original or actual partners of Luce & Co. is at present trustee of Central Aguirre Associates. We do not have before us the trust agreement under which Central Aguirre Associates was organized, for which reason we are unable to determine whether the present and the original trustees of the Associates are the same ones. In the *South Porto Rico Sugar Co.* case the special partners Russel & Co. conveyed to the American Colonial Bank, for the sum of $100,000, all the pecunary benefits which might accrue to them as special partners of Russel & Co., each one retainning a $500 annual share from the profits and a $500 contribution each to the partnership capital. They also executed a trust agreement whereby the American Colonial Bank became trustee to distribute the profits among the common stockholders of the South Porto Rico Sugar Co. We repeat that we are not acquainted with the terms of the trust in the case at bar, but we do know that instead of the trustee being a different entity, as the American Colonial Bank in the case of South Porto Rico Sugar Co., in the instant case the trustee is the special partner of Luce & Co., Mr. William H. Gulliver. As in the case of South Porto Rico Sugar Co., the trustee holds the capital for the benefit of the stockholders of Central Aguirre Associates. In the case of South Porto Rico Sugar Co., it appears from the trust agreement that the stockholders of said corporation had control of the trustee and could remove him, or have

the trust agreement terminated when they deemed it advisable. We do not know whether similar provisions exist in the case at bar.

The said defendant makes great efforts and devotes a considerable portion of its brief in an attempt to distinguish the case of South Porto Rico Sugar Co. from the instant case. The Attorney General, on the other hand, contends that the defendant is trying to obtain a reconsideration of the opinion rendered by us in said case. Upon examining the briefs filed therein, we find almost all the doctrines and decisions presented to us by the defendant in this case. We think that the doctrine laid down in that case is apposite to the case at bar and, therefore, we shall confine ourselves to a consideration of the new questions raised in connection with the different facts involved in this case.

The defendant alleges that in the case of the South Porto Rico Sugar Co. there was involved a corporation while in the *Central Aguirre Associates* case there is a "Massachusetts Trust," lacking juridical personality. The defendant is wrong, since the Supreme Court of the United States, in the case of *Hemphill* v. *Orloff*, 277 U. S. 537, has expressly recognized the juridical personality of a Massachusetts Trust, by stating, at page 548, as follows:

"The Massachusetts courts give effect to agreements like the one here described, recognize the entity of associations organized thereunder, and hold both trustees and shareholders exempt from personal liability."

and further on, at page 550, it states:

"Whether a given association is called a corporation, partnership, or trust, is not the essential factor in determining the powers of a state concerning it. The real nature of the organization must be considered. If clothed with the ordinary functions and attributes of a corporation, it is subject to similar treatment. (Citing authorities.)

It can not be held, therefore, that said defendant lacks juridical personality. As to the question raised now, and

in the absence of a trust agreement, we must accept as true the allegations contained in the complaint [1] and they sufficiently show that the complaint "is clothed with the ordinary functions and attributes of a corporation." Therefore, we do not think that the case of *Flexner* v. *Farson,* 248 U. S. 289, cited by the defendant and dealing with the requirements to summon a partnership, is applicable herein.

The defendant further contends that the special partner of Luce & Co., that is, the trustee, holds the shares in trust for the stockholders of Central Aguirre Associates and not for the benefit of said entity, and that it is on the latter that service was attempted. We may ask, who is Central Aguirre Associates? Is it perhaps an empyreal, untouchable, and inaccessible entity because of the mere fact that it is its stockholders who receive the benefits through the trustee? The fact is that said trustee is the special partner of Luce & Co. and the legal relationship existing among the defendants must be determined from the standpoint of control, as has been alleged in the complaint and proved, that is to say, that the entity Central Aguirre Associates controls its subsidiaries, the defendants, including Luce & Co. But what seems important is not, as alleged by the respondent, who receives the benefits of Luce & Co., whether Central Aguirre Associates or its stockholders directly. This proceeding of *quo warranto* is not an action grounded on the question of who receives said benefits. What we must determine here is whether Central Aguirre Associates is violating the law forbidding the possession of land in excess of 500 acres. Therefore, the important thing is that the stockholders of Central Aguirre Associates control said entity, and that said entity, in turn, pursuant to the *South Porto Rico Sugar Co.* case, *supra,* controls the domestic partnership Luce & Co. In the above-mentioned case the trustee was also bound

---

[1] For a complete summary of said allegations see *People* v. *Central Aguirre Associates,* 59 P.R.R. 403.

to distribute the profits among the stockholders and not to the entity.

The defendant maintains that even though the special partner of Luce & Co. has no interest in the trust *res,* since the beneficial interest is in the stockholders the Central Aguirre Associates, yet, he still holds said shares as trustee, and that, therefore, said stockholders can not control him in the exercise of his functions as such trustee. An affidavit presented by the defendant and signed by J. Brooks Keyes, Treasurer of the defendant, as well as the oral testimony of Mr. Marcelo J. Obén, to the effect that such alleged control does not exist, is self-serving evidence and has not much probative value, as was decided in the *South Porto Rico Sugar Company* case, *supra.*

It only remains to consider defendant's contention to the effect that this case is easily distinguishable from that of the South Porto Rico Sugar Co., because in the latter case the summons was served "On Carl S. Nadler, as managing partner of Successors of Russell & Co., a firm which, according to allegations 8 and 9 of the petition, is the agent in Puerto Rico of The South P. R. Sugar Co.," while in the instant case the summons was served "Upon Central Aguirre Associates by serving personally Marcelo J. Obén as the agent of said entity in Puerto Rico." The defendant contends that Marcelo J. Obén is in no manner and has never been its agent in Puerto Rico. However, we have already seen that Luce & Co. is such agent, and considering that Luce & Co. is a juridical person which can only act through those persons authorized to act on its behalf (*United States* v. *Dotterweich,* 320 U. S. 277, 281), it seems logical and reasonable to attempt the service upon its managing partner when Luce & Co. is summoned as the agent of Central Aguirre Associates in Puerto Rico. The fact that it was not thus stated in the marshal's certificate, seems to us, under the attendant circumstances, an unnecessary technicality.

The reason why the law requires that when the summons is served upon a person as an agent of another, such fact should be stated, is that, since one of the requirements of due process of law is that the principal should receive service of said summons, if the agent is not notified that he is served as such, then the marshal runs the risk that the principal never be informed that he has been summoned through his agent. Nevertheless, in the case at bar, such consideration is of no consequence, inasmuch as Central Aguirre Associates has appeared and admitted that the service made on Mr. Obén was directed to the defendant.

We are of the opinion that, in view of the attendant circumstances of this case, it must be unavoidably concluded, pursuant to the holding in the above-mentioned case of South Porto Rico Sugar Company, that Central Aguirre Associates is present and doing business in Puerto Rico through its co-defendants.

The motion to quash the service of process is dismissed.