**Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff**

**v.**

**Warren E. DEAN, Individually and doing business as Warren E. Dean, Government Surplus and L. D. Fulkerson, Individually and as the Agent of Warren E. Dean, Defendants.**

**Civ. A. No. 4258.**

United States District Court
W. D. Tennessee, W. D.
Dec. 7, 1961.

**162**

Jeter S. Ray and Francis J. Steiner, Jr., U. S. Department of Labor, Nashville, Tenn., for plaintiff.

BROWN, District Judge.

This is an action filed by the Secretary of Labor against Warren E. Dean individually and doing business as Warren E. Dean Government Surplus and L. D. Fulkerson individually, seeking to recover a judgment in behalf of certain employees who, according to the complaint, had been paid wages below the statutory minimum and who had not been paid for overtime, all pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201 et seq.). In the complaint it is alleged that the defendant Dean is a resident of Missouri and that he operated a store for selling government surplus in Memphis, Tennessee, which store is under the direction of the defendant Fulkerson. The employees in whose behalf this suit was brought, it is alleged, were employed in that store.

Service of process was had on the defendant Fulkerson individually and on the defendant Dean through his agent Fulkerson by leaving a copy of the summons and complaint with the wife of the defendant Fulkerson at their usual place of abode in Memphis, Tennessee, as provided for in Rule 4(d) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Neither defendant has filed an answer or otherwise made an appearance, and plaintiff has heretofore caused a default to be entered and now moves for a judgment by default against both defendants, all in accordance with Rule 55 of the Federal Rules of Civil Procedure.

There is no question but that the defendant Fulkerson is properly before the Court and that a default judgment may be entered against him. However, as the service of process on the defendant Dean, who was and is a non-resident, was made by serving his resident agent Fulkerson, the question arises as to whether or not he is properly before the Court. If the Court does not have personal jurisdiction with respect to the defendant Dean, even a default judgment as to him would be void and should not be entered.

Under Rule 4(d) (7) of the Federal Rules of Civil Procedure, process may be " * * * served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

To sustain the personal jurisdiction of the Court with respect to the defendant Dean, plaintiff relies on a statute of the State of Tennessee, T.C.A. § 20–218, which provides as follows:

"When a corporation, business trust, *or any person* has an officer or agency, or resident director, in any county other than that in which the chief officer or principal resides, the service of process may be made on any agent or clerk employed therein in all actions brought in such county against same *growing out of the business of, or connected with, said principal's business*; but this section shall apply only to cases where the suit is brought in such counties in which such agency, resident director, or office is located." [Italics added.]

It therefore appears that, in the situation which is before us, that is, an as-

sertion of personal jurisdiction with respect to a non-resident individual by service of process on his resident agent in connection with a cause of action growing out of business done in the state in behalf of the non-resident by the resident agent, this Tennessee statute clearly authorizes such service as a predicate to a personal judgment. This, however, does not answer the constitutional question, which is whether an assertion of personal jurisdiction in this situation violates the "due process of law" clause of the Fourteenth Amendment to the United States Constitution.

The beginning point in this inquiry is the case of Flexner v. Farson, 248 U.S. 289, 39 S.Ct. 97, 63 L.Ed. 250 (1919). In that case it appears that a judgment was obtained in a Kentucky state court against Illinois partners who did business in Kentucky through a resident agent. Service was had in accordance with an applicable Kentucky statute which provided for service of process on the resident agent of a non-resident individual in connection with suits arising out of business done in that state. The Kentucky judgment was sued upon in Illinois, and the defense was made there that Illinois should not give full faith and credit to the Kentucky judgment because it was void. This defense was upheld by the Illinois courts and this judgment was affirmed by the Supreme Court in an opinion by Mr. Justice Holmes. In this very brief opinion, the Court stated that the analogy to service of process on foreign corporations failed because, the Court said, a foreign corporation could be excluded and therefore its doing business in the state could be treated as consent to jurisdiction, while the State had no power to exclude individuals and therefore no consent could be implied or required as to them.

In the case of Knox Bros. v. E. W. Wagner & Co., 141 Tenn. 348, 209 S.W. 638 (1919), suit was brought against non-residents doing business in Tennessee through a resident agent and plaintiff therein relied on the same Tennessee statute upon which plaintiff relies in this case. The Supreme Court of Tennessee, citing Flexner v. Farson, supra, held that, insofar as the statute purports to authorize service of process on a non-resident in this situation, it is unconstitutional.

However, very shortly after the decision in Flexner v. Farson, supra, the erosion of the basic doctrine thereof began when the Supreme Court upheld statutes allowing service of process on non-resident motorists through the Secretary of State of the state in which the accident occurred. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927); Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928). The doctrine was more conclusively undercut in the case of Henry L. Doherty & Co. v. Goodman, 294 U.S. 623, 55 S.Ct. 533, 75 L.Ed. 1097 (1935), where a judgment was upheld which was based on service of process on a resident agent of a non-resident defendant, pursuant to an Iowa statute. The cause of action grew out of the sale of securities in Iowa by the non-resident, and in reaching this result, the Court distinguished Flexner v. Farson, supra, on the grounds, among others, that the securities business was subject to special regulation in Iowa. Furthermore, the Court in Doherty indicated it thought that process in Flexner was served " * * * upon one not then agent for the defendants" 294 U.S. at 628, 55 S.Ct. at 554; and it went on to say that the Doherty & Co. manager was its agent when the transaction took place which gave rise to the suit and when process was served. The Flexner opinion is not clear on this point. If the defendants' agent in Flexner was not their agent at the time of service, then the case cannot be support for the proposition that a statute is unconstitutional which provides that personal jurisdiction over a non-resident doing business within a state through a resident agent may be obtained by serving his resident agent in causes of action growing out of such business. If, on the other hand, the Supreme Court in Flexner assumed that defendants' agent was their agent at the time of

service, then the decision is, as stated, almost completely undercut by Doherty.

There is nothing in the record to indicate that Fulkerson was not the resident agent of defendant Dean at the time process was served or when the alleged violations of the Act occurred. It is assumed for the purpose of this opinion that Fulkerson was the resident agent of the defendant Dean at all relevant times.

The Tennessee courts, following the lead of the Supreme Court, have pretty well abandoned the doctrine of Knox Bros. v. Wagner & Co., supra, as is indicated by the case of McDaniel v. Textile Workers Union of America, 36 Tenn.App. 236, 254 S.W.2d 1 (1952). There a personal injury action was brought against a non-resident unincorporated labor union, and service of process was had on the Secretary of State of Tennessee. This service of process was authorized by a more recent Tennessee statute, T.C.A. § 20–223, which provides in general that service of process may be had on a nonresident partnership or other unincorporated association, in suits on causes of action growing out of business done in the State through resident agents, by serving an agent appointed to receive process or by serving the Secretary of State if such an agent has not been appointed. The trial court sustained a plea in abatement in behalf of the labor union, and the plaintiff appealed. The Tennessee Court of Appeals reversed the trial court, and held that service of process in this situation was valid and did not conflict with the Fourteenth Amendment of the United States Constitution. In reaching this result, the Court concluded that Flexner v. Farson, supra, upon which the Tennessee decision of Knox Bros. v. E. W. Wagner & Co., supra, was based, has so far been undercut by the decision in the case of Henry L. Doherty & Co. v. Goodman, supra, as to have very little, if any, weight as precedent. Moreover, the Court quoted from the opinion of the Supreme Court in the case of International Shoe Company v. Washington, 326 U.S. 310, 66

S.Ct. 154, 158, 90 L.Ed. 95, 161 A.L.R. 1057, as follows:

"Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. Pennoyer v. Neff, 95 U.S. 714, 733, 24 L.Ed. 565 [572]. But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

The Court also, in the McDaniel case, reviewed other more recent cases, as well as an informative article dealing with this subject by Professor Overton in 22 Tenn.L.Rev. 237 (1952), and concluded, as stated, that there is no longer any constitutional inhibition against the assertion of personal jurisdiction over a non-resident with respect to a cause of action growing out of business done in the state through a resident agent.

In another suit by the Secretary of Labor against a non-resident, which involved almost identical jurisdictional facts to those in this case and in which jurisdiction was contested, the U. S. District Court for the Eastern District of Tennessee, Southern Division, reached the same result as this Court reaches in this case. Mitchell v. Thome, 40 L.C. ¶ 66,604.

Upholding the constitutionality of T.C.A. § 20–218, as applied in this case, seems sound as a policy matter. If a non-resident potential defendant is doing business in Tennessee through a resident agent, the statute makes the non-resident amenable to process, by service on such

resident agent, in suits connected with the principal's business within the State. There is nothing unreasonable or shocking in such a doctrine; nor is there anything which offends traditional notions of fair play. The statute provides for a method of service which is reasonably calculated to furnish notice and assure an opportunity to be heard.

It is therefore concluded that plaintiff is entitled to a default judgment against both defendants and judgment will be entered accordingly.