OPINION OF THE COURT
Michael D. Stallman, J.
Plaintiff’s ex parte motion for court-fashioned, "expedient” service under CPLR 308 (5) requires the court to consider the unique relationship of CPLR 301, 308 (5) and 313. Is a New Jersey resident employed in New York City on a continuous, daily basis "present” in New York under CPLR 301 and constitutionally subject to New York’s jurisdiction? Where and how may she be served?
Plaintiff’s summons and endorsed complaint seeks to domesticate an unsatisfied New Jersey judgment obtained against defendant in 1993.[1] The underlying cause of action apparently had no New York nexus. Defendant lives in Jersey City at an address known to plaintiff. Defendant is regularly employed *154 by the National Association of Securities Dealers at 33 Whitehall Street in Manhattan but apparently has no other New York tie. Plaintiff asserts that it unsuccessfully attempted to serve defendant at her workplace, but was "denied access by security”.
A plaintiff seeking court-crafted service under CPLR 308 (5) must demonstrate that service is "impracticable” under the other applicable subdivisions of CPLR 308. The plaintiff need not show that it attempted other methods of service with "due diligence,” the higher standard required for "nail-and-mail” service. (CPLR 308 [4]; Tremont Fed. Sav. & Loan Assn, v Ndanusa, 144 AD2d 660.) Rather, plaintiff must show that no other statutory method of service is practicable: i.e., that it is impossible (either because the defendant’s location is unknown or, if known, because plaintiff cannot obtain access to serve defendant pursuant to CPLR 308 [1], [2] or [4]); or not legally permissible in the context of the particular action.
Movant has not met its burden of demonstrating impracticability. The attorney’s conclusory hearsay account of one fruitless attempt at service does not establish that every other available method is impracticable. For example, plaintiff could attempt service by delivery to defendant’s employer’s receptionist or the building’s doorman/woman or receptionist/concierge as a person of suitable age and discretion under CPLR 308 (2) (see, duPont, Glore Forgan & Co. v Chen, 41 NY2d 794), followed by the required mailing and filing.
In the alternative, is defendant subject to service at her home in New Jersey, under CPLR 308 (1), (2) or (4) via CPLR 313?
CPLR 313 permits service of the summons outside the State of New York in the same manner as service within the State. CPLR 313 contains a little-noted, frequently ignored, requirement: A plaintiff may use CPLR 313 only if the defendant is domiciled in New York or subject to New York jurisdiction under CPLR 301 or 302. Although neither a New York domiciliary nor subject to long-arm jurisdiction under CPLR 302, defendant appears to be subject to jurisdiction under CPLR 301.[2]
*155 CPLR 301 codifies the pre-CPLR bases for personal jurisdiction which developed at common law, and which continue to evolve under the CPLR. Presence in the State’s territorial jurisdiction at the time the action is commenced is one such historically exercised basis. The New York courts have developed the correlative doctrine of constructive presence, originally to permit New York to exert jurisdiction over unlicensed foreign corporations "doing business” in New York. (Tauza v Susquehanna Coal Co., 220 NY 259 [Cardozo, J.]; see, Perkins v Benquet Min. Co., 342 US 437; cf, Helicopteros Nacionales de Colombia v Hall, 466 US 408 [insufficient proof of continuous, systematic activity in forum State].) When an entity regularly, continuously and systematically engages in business activity in New York, it is deemed to be present here, and subject to general, in personam jurisdiction in New York, even over causes of action having no New York nexus. (See, Bryant v Finnish Natl. Airline, 15 NY2d 426.) The defendant’s voluntary, continuous self-benefitting activity in New York makes it fair and reasonable for an out-of-State defendant to expect to be subject to New York jurisdiction.
More recently, the courts have applied the concept of constructive presence to nonresident individuals and noncorporate entities engaged in equivalent continuous courses of activity in New York. (ABCKO Indus. v Lennon, 85 Misc 2d 465, mod 52 AD2d 435 [individuals]; Klinghoffer v S.N.C. Achille Lauro, 937 F2d 44 [unincorporated political group]; see, Chase, Weinstein-Korn-Miller, CPLR Manual § 3.04 [d] [2d ed 1994 rev]; cf, Laufer v Ostrow, 55 NY2d 305, 313 [insufficient evidence of forum activity by individual].)
An individual permanently employed in New York City, who regularly commutes on a daily basis to conduct business here, can be deemed present in New York as contemplated by CPLR 301. Such a person voluntarily avails herself of the protection and benefits of New York, including its laws, on a regular, continuous and systematic basis and must be deemed continuously present here for purposes of jurisdiction. Such a defendant should reasonably expect to be subject to New York State’s jurisdiction, even if the cause of action is not New York related. If Ringo Starr, an English subject and domiciliary, can be held constructively present in New York under *156 CPLR 301 through the New York activity on his behalf of attorneys and accountants (ABCKO Indus. v Lennon, supra), then a fortiori, defendant is constructively present in New York within the meaning of CPLR 301, based on her own purposeful, continuous, daily employment activity here. (See, Restatement [Second] of Conflict of Laws § 35, comment e.)[3]
It is not jurisdictionally significant that defendant is an employee and not the owner of a business. "Doing business” evolved as convenient shorthand to describe the continuous pattern of activity in New York needed for a finding that an unlicensed foreign corporation is present here and thus subject to general jurisdiction under CPLR 301. It is the nature and quality of the defendant’s New York contacts which are significant. Whether the defendant — corporation, individual, or other noncorporate entity — owns a business or controls an entity, becomes significant if jurisdiction is predicated on attribution to the defendant of the other entity’s New York activity. (Compare, Frummer v Hilton Hotels Intl., 19 NY2d 533, cert denied 389 US 923, with Delagi v Volkswagenwerk, AG., 29 NY2d 426; see, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C301:l, at 7, C301:3, at 11; Siegel, NY Prac § 82 [2d ed].)
Defendant’s activity in New York satisfies both the State standard for general jurisdiction under CPLR 301 and Federal due process standards. Quantitatively and qualitatively, defendant’s New York employment suffices under the International Shoe test, making it fair and reasonable for her to be sued here, even though the cause of action does not appear to be New York related. (US Const 14th Amend; see, Helicopteros Nacionales de Colombia v Hall, supra; International Shoe Co. *157 v Washington, 326 US 310; Restatement [Second] of Conflict of Laws § 35 [3], comment ej[4]
Since defendant unquestionably would be subject to New York jurisdiction if served while physically present in New York, then the place where service is to be effected should be of no jurisdictional significance to a defendant who is constructively present here. Indeed, permitting CPLR 308 service at her home would be better calculated to be received than mailing process to her at a large corporate headquarters. (See, Mullane v Central Hanover Trust Co., 339 US 306.)
Based on plaintiff’s showing (by definition, the only proof on this ex parte application), defendant would be subject to New York jurisdiction under CPLR 301. Were this a Supreme Court action, CPLR 313 would permit plaintiff to serve defendant at her New Jersey home by personal delivery (CPLR 308 [1]) or delivery to a person of suitable age and discretion plus mailing (CPLR 308 [2]) or, if neither method could be effected with due diligence, by "nail-and-mail” service (CPLR 308 [4]). However, out-of-State service is not permitted in this Civil Court action.
CCA 403 requires that service "be made only within the [C]ity of New York unless service beyond the city be authorized by this act or by such other provision of law, other than the CPLR, as expressly applies to courts of limited jurisdiction or to all courts of the state” (emphasis added). The specific exclusion of the CPLR therefore excludes out-of-State service pursuant to CPLR 313. In contrast, out-of-State service under Business Corporation Law § 307 (unlicensed foreign corporations) or Vehicle and Traffic Law § 253 (2) (nonresident motorists) is applicable to the Civil Court, but not to this case. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, *158 Book 29A, CCA 403, at 127.) CCA 404 (b) permits extraterritorial service without regard to city or State lines only in cases where the cause of action arises from the transaction of business, commission of a tort or ownership, use or possession of real property within the City of New York. (CCA 404 [a].) Here only the putative defendant, not the cause of action, has a New York nexus. CCA 1508 (b) permits service of "processes, mandates, subpoenas, orders, notices and other papers * * * regardless of city or state lines” in enforcement proceedings. Contextually, it applies to proceedings to enforce New York judgments, under CPLR article 52. (CPLR 5221 [a] [3]; see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 1508, at 243.) CCA 1508 therefore does not apply to service of the summons in this separate plenary action, under CPLR 5406, to enforce a foreign judgment. Defendant, in this Civil Court action, must be served in New York City.
In order to prevail on this motion, movant must demonstrate that any attempt to serve defendant in New York City by a statutory method would be a futile exercise. Movant has not demonstrated impracticability under CPLR 308 (5), given the apparent availability of CPLR 308 (1), or 308 (2) service at defendant’s workplace. Accordingly, this application for leave to serve defendant by mail only at her home and workplace is denied without prejudice to a new application, should further investigation reveal materially different circumstances. The court notes, however, that any court-crafted CPLR 308 (5) service in this case must be made within New York City.

. The New Jersey judgment does not appear to have been entered on default. It seems unnecessary for plaintiff to commence this action, because a contested judgment of a sister State is entitled to full faith and credit (US Const, art IV, § 1) and to filing as a New York judgment under the Uniform Enforcement of Foreign Judgments Act (CPLR art 54). (CPLR 5402.) New Jersey has not adopted the Uniform Act. (Jurisdiction Table Wherein Uniform Enforcement of Foreign Judgments Act Adopted, McKinney’s Cons Laws of NY, Book 7B, CPLR art 54, 1994 Pocket Part, at 166.) While that may affect the procedure for obtaining New Jersey recognition of New York judgments, New Jersey judgments nevertheless may be filed here under CPLR 5402. If the judgment was obtained on default, summary judgment in lieu of complaint (CPLR 3213) would lie, and would be more expeditious. (See, CPLR 5406.)

. The court’s analysis of CPLR 301 is necessary to determine plaintiff’s ex parte application. It is not a final, binding jurisdictional finding and can have no issue preclusion effect on the putative defendant, who is not yet a party and has not yet had an opportunity to contest jurisdiction. (See generally, Stallman, Former Adjudication [Res Judicata and Collateral *155 Estoppel], in Chase, Weinstein-Korn-Miller, CPLR Manuel § 25.03 [d]; § 25.04 [a] [2d ed 1993 rev].) The apparent inapplicability of CCA 404 (a), the local long-arm statute, is immaterial in light of this court’s analysis of CPLR 301.

. The Second Department has held that twice monthly visits by a nonresident respondent to petitioner in New York for sexual activity, over a two-year period ending 15 months before commencement of a paternity proceeding, are not sufficient for long-arm jurisdiction under CPLR 302 (b). (Matter of Nilsa B.B. v Clyde Blackwell H., 84 AD2d 295.) To the extent that the Second Department criticized ABCKO (supra) and opined that CPLR 301 constructive presence does not apply to nonbusiness activity by individuals, it is dicta. Moreover, Nilsa B.B. is distinguishable from the case at bar, where defendant’s New York employment is, by definition, business activity in the forum. Nilsa B.B. incorrectly interpreted CPLR 301 as having frozen common-law jurisdiction as it existed in 1962, when the CPLR was adopted. In contrast, ABCKO held that CPLR 301 recognizes the common-law jurisdictional bases and the common-law process by which they developed and continue to evolve. CPLR 301 permits a New York court to exercise such jurisdiction "as might have been exercised heretofore” (emphasis added), not "as was exercised.” (See, 1 Weinstein-Korn-Miller, NY Civ Prac fl 301.15.)

. In 1919, the United States Supreme Court considered whether a State could exercise jurisdiction over a nonresident individual who transacted business in the forum through an agent. (Flexner v Farson, 248 US 289.) The Supreme Court held that nonresident partners transacting business in the forum State were not subject to forum jurisdiction by service on plaintiff, who had been their resident agent, in the forum. Its holding should be limited to its facts. There is no justification for reading Flexner as barring a constructive presence test for jurisdiction over individuals. Although the Court distinguished nonresident individuals from foreign corporations, it did so based on an obsolete premise: that unlicensed foreign corporations impliedly consent to jurisdiction as a condition of being permitted to act in the forum, a dubious theory not applicable to individuals. Flexner has been effectively overruled by such cases as Perkins and Helicópteros (supra) which applied a constructive presence test.