HARRISON JOHNSON, MARGARET WILBER AND LOCAL 1199, DRUG AND HOSPITAL EMPLOYEES UNION, PLAINTIFFS, v. CHRIST HOSPITAL, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided March 14, 1966.

*Mr. Martin L. Greenberg* for plaintiffs (*Mr. Philip M. Freedman* on the brief).

*Mr. Thomas L. Morrissey* for defendant (*Miss Virginia D. Fenton* on the brief; *Messrs. Carpenter, Bennett & Morrissey,* attorneys).

MATTHEWS, J. S. C. This is an application by plaintiff, Local 1199, Drug and Hospital Employees Union (hereinafter union), to withdraw its request that a representation election be held for a determination as to its status as collective bargaining representative for employees of defendant hospital. Earlier proceedings in this action are reported in *Johnson v. Christ Hospital,* 84 *N. J. Super.* 541 (*Ch. Div.* 1964), affirmed *per cur.* 45 *N. J.* 108 (1965).

In the third count of its complaint the union alleged that "on or about October 16, 1962 [it] represented and still represents a majority of the non-professional and non-medical employees of Christ Hospital; that on that date, it informed defendant of its said representation of defendant's employees

* * * and requested that defendant meet and bargain collectively with it," which request was refused by defendant. This, the union contended, was a violation of its rights and those of the individual plaintiffs granted under *Art.* I, *par.* 19 of the 1947 *New Jersey Constitution.* The union sought relief in the form of a judgment ordering defendant hospital to bargain collectively with it as representative of the nonprofessional and nonmedical employees of the hospital. In my opinion, reported in 84 *N. J. Super., supra,* I held that the union had failed to satisfy me that it represented a majority of the nonprofessional employees employed by the hospital, and further, because of the doubt which I entertained and to assist me in making a determination as to the desires of those employees with respect to unionization, that a representation election should be held under the supervision of the court. I also directed that prior to such an election an orderly program of information be conducted by both the union and the management of the hospital for a period of 60 days subsequent to the entry of judgment, with the announced goal of a representation election.

Following appeal and affirmance of the judgment entered on my opinion, the parties undertook to engage in organizational and informational programs. Difficulties ensued, during the course of which copies of various publications distributed during the informational period were submitted to the court.

Thereafter, the parties again appeared before the court on cross-motions directed towards the date on which the representation election was to be held. The hospital requested me to fix a date for an immediate election or, alternatively, for an order dismissing the complaint and adjudging plaintiff union as barred, for a period of not less than one year, from participating in any representation election conducted among employees of defendant hospital, and from engaging in or undertaking any organizational efforts directed at defendant's employees during such a period. The union requested me to enter an order fixing a date for the election 70 days after the

reemployment date of plaintiff Harrison Johnson. The matter was carried to a further motion date, and at the adjourned hearing the union requested permission to withdraw its application for an election, and also to withdraw as a plaintiff in this action.

The question presented here is whether the union can withdraw its request for a representation election without prejudice. The union would have me answer this question in the affirmative on the ground that I must accept its withdrawal as a matter of jurisdiction. This reasoning is based upon my finding in *Johnson v. Christ Hospital, supra,* 84 *N. J. Super.,* at *pp.* 548–558. The union contends that since I ordered the representation election to determine its status as a proper plaintiff herein, the request to withdraw will obviate the necessity for an election and thus resolve the issue of status against it. In advancing this argument the union misconceives my prior opinion. The election was ordered, not because it was requested by the union, but rather as an aid to the court in its fact-finding function. My concern in the litigation between the union and the hospital was and is in ascertaining the desire of each of the affected employees of the hospital, and not the interests of either the union or the hospital management. While it is true that, for certain purposes, the union was regarded as a proper party plaintiff, its status as such was accepted by the court as the most practical and expedient way of ascertaining the choice of the employees of the hospital with respect to a collective bargaining representative insofar as those employees were seeking collectively to protect and to enforce constitutionally guaranteed rights. This same concern enters into consideration of the request made by the union to withdraw as a plaintiff and abandon the request for a representation election, and also the demand by defendant hospital that such request, if granted, should be granted only on terms which will prevent the union from organizational participation for a period of time.

The union, as putative collective bargaining representative of the employees of defendant hospital, has con-

ceded in open court that it does not represent a majority of the appropriate unit of such employees. In the face of such a stipulation it is difficult to conceive that the rights of any employee guaranteed under *Art.* I, *par.* 19 of our *Constitution* will be impaired. It is at once apparent that an order denying the union's request and directing the election to take place could only result in a failure of the union to gain the necessary votes as representative. Under *R. R.* 4:62–2 a court may, in the exercise of its discretion, under established principles, relieve a party from judgment upon good cause shown. *Shammas v. Shammas,* 9 *N. J.* 321 (1952); *Hodgson v. Applegate,* 31 *N. J.* 29, 37 (1959); *Wasserstein v. Swern & Co.,* 84 *N. J. Super.* 1, 6 (*App. Div.* 1964). I am satisfied that the union should be relieved of those terms of the judgment entered here which provide for the representation election, and also that it may be permitted to withdraw as a party plaintiff hereto.

Defendant hospital argues, however, that in this action, wherein the union, in seeking relief for the order in the election, gives as its cause for relief admission that it cannot win the election, and that it wishes to avoid the consequence of losing the election, the court should order the withdrawal and relief upon such terms as will prevent the union from engaging in further activities with the hospital employees for a period of one year. In support of its argument for the condition of withdrawal the hospital relies upon federal precedents which concededly do not control this case. The hospital points to the provisions of the National Labor Relations Act, as amended, 29 *U. S. C., pp.* 151–168. *Section* 9(c)(3) thereof provides:

"No election shall be directed in any bargaining unit or any subdivision within which in the preceding twelve-month period, a valid election shall have been held. * * *"

Reference is also made to § 8(b)(7)(B) of this act.

While I am not satisfied that the federal law in these circumstances is such as would preclude the union from further

organizational activities where a union seeks to withdraw
from an election without prejudice, see *Brewer Petroleum
Service Inc.*, 1939, 13 *N. L. R. B.* 131; *International Har-
vester Co.*, 1939, 12 *N. L. R. B.* 114; *Ny-Lint Tool & Manu-
facturing Co.*, 1948, 77 *N. L. R. B.* 642; *Coronet Manufac-
turing Co.*, 1961, 133 *N. L. R. B.* 641; *Miratti's, Inc.*, 1961,
48 *L. R. R. M.* 1407, I am satisfied that under the present
state of our labor jurisprudence, and considering the nature
of this action in particular, the terms sought by defendant
hospital should not be imposed.

The interest of the court throughout this action has
been the protection and enforcement of the rights guaranteed
to the employees of defendant hospital under the provisions
of *Art. I, par.* 19 of the 1947 *New Jersey Constitution*. Any
determination made by this court which may be construed to
be in favor of plaintiff union, or detrimental to the desires
of the management of defendant hospital, must be regarded
as purely coincidental. Applying this standard, any order of
this court which would prevent the participation of the union
in a subsequent representation election instigated by individ-
ual employees of the hospital might well serve to frustrate
the attainment of the constitutional rights protected herein
and guaranteed to those employees. These rights are of para-
mount importance, and this court must be alert to repel any
step which would result in interference with them. Because
of this, an order prohibiting union participation in organiza-
tional or representation election activities might present an
obstacle to the realization of the constitutional right by the
employees themselves. Separating union activity from em-
ployee centered activity would present many practical diffi-
culties and, in my judgment, endanger the individual in the
exercise of his rights. Such an order would undoubtedly be
most difficult if not impossible of enforcement should a con-
troversy arise in the course of subsequent organizational activ-
ity. Accordingly, I am constrained to deny the request of
defendant hospital that terms be imposed in connection with
the withdrawal of the union as a plaintiff herein.

The difficulties in resolving the question presented here might well be lightened had there been implementing legislation under *Art.* I, *par.* 19 of our *Constitution.* See *margin note* 1 to *per curiam* opinion of our Supreme Court in *Johnson v. Christ Hospital, supra,* 45 *N. J.* 108, at *p.* 111 *et seq.* (1965).

An order consistent with these findings may be settled on notice or by consent.