105 N.J. Super. 401 (1969)
252 A.2d 415
RESIN RESEARCH LABORATORIES, INC., a CORPORATION, PLAINTIFF-APPELLANT,
v.
GEMINI ROLLER CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 31, 1969.
Decided April 30, 1969.
*403 Before Judges GAULKIN, COLLESTER and LABRECQUE.
Mr. Adrian M. Unger argued the cause for appellant (Messrs. Milton M. and Adrian M. Unger, attorneys).
Mr. Benjamin Coe argued the cause for respondent.
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Plaintiff sued defendant in the Essex County District Court for breach of contract and served it under our "long-arm" rule, R.R. 4:4-4(d). The trial judge set aside the service as constitutionally impermissible and plaintiff appeals.
Plaintiff is a New Jersey corporation engaged in chemical research and development. Its only offices and laboratories were in Newark. Defendant is a New York corporation whose office was in New York City and its plant on Long Island. It manufactured rollers for the printing trades. Gemini telephoned Resin, stating it was interested in procuring a formula for vinyl resin to be used on printing rollers. A representative of Resin called on Gemini in New York City and discussed the matter. Thereafter, on May 22, 1967, Resin wrote Gemini from Newark setting forth its proposal. Gemini replied by letter dated May 25. In it Gemini made a counterstatement of what it wanted and asked Resin to write a letter in the form which Gemini set forth. It appears that Resin did not send such a letter, but Resin did proceed on the basis of Gemini's May 25 letter. Thereafter there were letters and telephone conversations between the parties; Gemini sent to Resin samples of compounds made by others; all of Resin's work was done *404 in Newark but Resin sent reports and samples of the material compounded by it to Gemini. Gemini paid $1,000 on account but refused to pay the balance, alleging that Resin's product was unsatisfactory. Resin then instituted this action for the balance.
The trial court held that "Gemini's office and factory are in New York and its products are sold exclusively within the State. It owns no real or personal property in New Jersey and the evidence reveals no activity within New Jersey beyond the transaction involved in this suit * * *," and therefore there did not exist "the minimal contacts with * * * New Jersey that are prerequisite to the exercise of its power over this defendant * * *." We think that this view was too narrow. We hold that since Gemini contacted Resin in New Jersey and Resin's work was done here, where it was reasonable to expect it would be done, the service was proper. Corporate Development Specialists, Inc. v. Warren-Teed Pharmaceuticals, Inc., 102 N.J. Super. 143, 153-155 (App. Div. 1968). See also Ziegler v. Houghton-Mifflin Co., 80 Ill. App.2d 210, 224 N.E.2d 12, 15 (App. Ct. 1967). Compare DeLear v. Rozel Packing Corp., 95 N.J. Super. 344 (App. Div. 1967); Webb v. Stanker and Galetto, Inc., 84 N.J. Super. 178 (App. Div.), certification denied 43 N.J. 263 (1964), certiorari denied 380 U.S. 907, 85 S.Ct. 888, 13 L.Ed.2d 795 (1965).
Defendant argues that it was not part of the contract that plaintiff do its work in New Jersey, and that plaintiff could have done it anywhere. But that makes no difference, since defendant must have expected that the work would be done here. As we said in Corporate Development in answer to a similar argument (102 N.J. Super., at p. 147): "We conceive there is every probability from the proofs that defendant realized at all times that all or most of plaintiff's efforts to perform the contract would be expended at or out of its Newark office, and we so find."
Defendant argues also that the contract was made orally in New York and that the subsequent letters were *405 merely confirmatory. We need not decide whether that is so. Since, as we have said, substantial performance in New Jersey was contemplated, it makes no difference in the case at bar whether technically the contract was entered into in New York or in New Jersey. Cf. Webb v. Stanker and Galetto, Inc., supra.
Finally, there can be no claim that the forum is inconvenient.
In short, here the contacts of the defendant with New Jersey make it reasonable to require the corporation to defend this suit. The order appealed from is reversed.