110 N.J. Super. 1 (1970)
264 A.2d 240
MILDRED SCHAFFER AND SIDNEY SCHAFFER, PLAINTIFFS-APPELLANTS,
v.
GRANIT HOTEL, INC., DOING BUSINESS AS THE GRANIT HOTEL AND COUNTRY CLUB, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1970.
Decided April 16, 1970.
*2 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Seymour Margulies argued the cause for appellants (Messrs. Levy, Lemken and Margulies, attorneys; Mr. Daniel R. Coburn on the brief).
Mr. Richard I. Ostrager argued the cause for respondent (Mr. Chester A. Morrison, attorney).
*3 The opinion of the court was delivered by LEONARD, J.A.D.
Plaintiffs appeal from a judgment dismissing their action for lack of jurisdiction over defendant.
On February 4, 1966 plaintiffs were paying guests at the Granit Hotel, Kerhonkson, New York. The female plaintiff was injured while using a toboggan run maintained by the hotel. She and her husband instituted suit in August 1967 against defendant, which owns and operates the hotel.
Service of process was accomplished by sending a copy of the summons and complaint registered mail, return receipt requested, to defendant at its principal place of business in New York. A New York attorney, not licensed to practice in this State, filed an answer in September. Thereafter New Jersey counsel filed a stipulation extending the time to answer and later an answer. Therein it was asserted, among other contentions, that the Superior Court had no jurisdiction over defendant by reason of deficient service of process.
Defendant subsequently moved for a dismissal of the complaint. After considering the pleadings, pretrial order, affidavits offered by both parties, admissions by plaintiffs, exhibits and defendant's answers and amended answers to plaintiffs' interrogatories, the trial court concluded that plaintiffs failed to "disclose sufficient minimum contacts in this case to sustain jurisdiction in this state over the person of defendant." Thus, the judgment now under attack was entered.
R.R. 4:4-4(d), now part of R. 4:4-4(c)(1), authorizes substituted service of process on a foreign corporation where service cannot be made in any of the other ways listed in that rule, "subject to due process of law, by mailing, registered mail, return receipt requested, a copy of the summons and complaint to a registered agent for service or to its principal place of business, or its registered office." Amercoat Corp. v. Reagent Chem. & Research, Inc., 108 N.J. Super. 331, 336 (App. Div. 1970). The clear purpose of this rule is "to vest our courts with jurisdiction *4 over foreign corporations to the outer limits permitted by due process." Id., at 336; Corporate Development Specialists, Inc. v. Warren-Teed Pharmaceuticals, Inc., 102 N.J. Super. 143, 148 (App. Div. 1968).
Since International Shoe [International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)] the law has been that due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Roland v. Modell's Shoppers World of Bergen County, 92 N.J. Super. 1, 6 (App. Div. 1966).
Those demands of due process may be met by such contacts of the corporation with the State or the forum as make it reasonable to require the corporation to defend the particular suit which is brought here. Amercoat Corp., supra, at 340; Corporate Development Specialists, Inc., supra, 102 N.J. Super., at 148. There is a steady trend toward expanding the permissible scope of state jurisdiction over foreign corporations and other non-residents. Id., at 149. The application of the rule to each case depends upon the facts in that particular case. Roland, supra, at 6.
In the instant case plaintiffs, residents of this State, made their reservations at defendant's hotel through the Saddle Brook Rochelle Park Jewish Center (Center). The Center had been taking groups of people to the hotel for winter weekends during the past four or five years. It had been the practice of the Center officials, while at the hotel, to make arrangements for the following year, pending a written contract. Thus, arrangements for the pertinent 1966 weekend were made in March 1965. Thereafter a tentative contract, dated March 15, 1965, was mailed to New Jersey to the chairlady of the event for the Center. She, in turn, during the spring of 1965 sent a deposit check in the amount of $118, by mail from New Jersey to New York. A final contract was mailed to her on or about May 17, 1966. *5 Needing more rooms she telephoned the hotel from New Jersey "using its direct wire service." After adding additional rooms to the contract, the agreement was signed by her and returned by mail to the hotel in New York.
Defendant regularly entertains 30-40 similar New Jersey centers each year. Defendant advertises in the Newark Sunday News and in New York papers circulated in New Jersey. Additionally, it advertised in The Jewish News, a New Jersey periodical, on a weekly basis during June, July and August 1966. All of these advertisements note "For reservations: Direct Wire (212)." (Area code for New York City.)
Since we are presently confronted with a service business located in New York State rather than a manufacturer, wholesaler or other type of distributor, defendant's operations in New Jersey are of a less tangible variety. Nevertheless, it has made economic entry into this State. By use of a continued advertising campaign in the State, in ethnic as well as general newspapers, it has solicited business from our residents. Such solicitation, in and of itself, may be sufficient "contact" to comport with the requirements of due process. Amercoat Corp. v. Reagent Chem. & Research, Inc., supra, 108 N.J. Super., at 340. However, as noted above, defendant engaged in additional and more extensive activities in this forum. Thus, under the entirety of the circumstances here present we find that there exists such minimum contacts between defendant and this State that the maintenance of this suit in this jurisdiction does not offend traditional notions of fair play and substantial justice. We also find that defendant by its actions purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits and protection of its laws. Higgins v. American Society of Clinical Pathologists, 94 N.J. Super. 243, 248-249 (App. Div. 1967), rev'd on other grounds, 51 N.J. 191 (1968).
We agree with the logic of and the result reached by the court in Oliff v. Kiamesha Concord, Inc., 106 N.J. Super. *6 121 (Law Div. 1969). Therein (at 126) the trial court stated that "no justifiable reason is advanced to create a special hallowed niche of immunity from process for the hotel which seeks to profit from the resident of the forum state by repeated and direct approaches to the resident."
Scheidt v. Young, 389 F.2d 58 (3 Cir.1968), which construed our service of process rule, is factually inapposite. Therein the hotel neither indulged in constant newspaper advertising in this State nor did it have continued and systematic contacts with specific groups of our residents for a period of four to five years.
Defendant urges that in personam jurisdiction over foreign corporations should be limited to situations involving a product which ultimately is sold to a consumer in this State, and which caused injuries to that consumer. This contention is without merit. We are not aware of any such limitation to the utilization of service under our "long-arm" rule, R.R. 4:4-4(d), now part of R. 4:4-4(c)(1). To the contrary, service has been made thereunder in a variety of other situations. For example, Resin Research Lab. Inc. v. Gemini Roller Corp., 105 N.J. Super. 401 (App. Div. 1969), and Corporate Development Specialists, Inc. v. Warren-Teed Pharmaceuticals, Inc., supra, 102 N.J. Super. 143, both involved suits upon contracts; in Amercoat Corp. v. Reagent Chem. & Research Inc., supra, 108 N.J. Super. 331, defendant, a New Jersey corporation, filed a third-party complaint against two foreign railroad corporations for breach of contract; Higgins v. American Soc. of Clinical Pathologists, supra, 94 N.J. Super. 243, involved an in lieu proceeding brought by plaintiff against a foreign non-profit corporation to compel it to renew her medical technology certificate and to reinstate her name on its registry; in Govan v. Trade Bank & Trust Co., 109 N.J. Super. 271 (App. Div. 1970) suit was instituted on a promissory note.
The mere fact that a part of defendant's activities  advertising in The Jewish News  occurred subsequent to *7 the date of plaintiff's injuries, does not invalidate the service made upon defendant. Such activity occurred prior to the institution of suit and it therefore may be considered in determining whether sufficient "minimum contacts" have been made. See Hoagland v. Springer, 75 N.J. Super. 560, 565 (App. Div. 1962).
Defendant relies upon the following cases decided in our sister states and in the Federal courts involving similar guest-hotel situations: Miller v. Kiamesha-Concord, Inc., 420 Pa. 604, 218 A.2d 309 (Sup. Ct. 1966); Walter v. Hotel Brunswick, 3 Conn. Cir. 398, 216 A.2d 212 (5 Conn. Cir.1965); Turner v. Jack Tar Grand Bahama Ltd., 353 F.2d 954 (5 Cir.1965); Miller v. Surf Properties Inc., 4 N.Y.2d 475, 176 N.Y.S. 2d 318, 151 N.E.2d 874 (Ct. App. 1958); MacInnes v. Fountainbleau Hotel Corp., 257 F.2d 832 (2 Cir.1958). The above cases were brought under the "long-arm" statutes of Pennsylvania, Connecticut, Texas and New York. An examination of these cases indicate that under the New York and Connecticut statutes it is necessary to find that the foreign defendant was "doing business" in the traditional sense. Similarly, the Pennsylvania legislature has not chosen to exercise the full extent of jurisdiction. To the contrary, in our State the "long-arm" arises from a rule of court and hence we need not struggle with the oft difficult problems of statutory construction faced by courts with detailed "long-arm statutes." Roland v. Modell's Shoppers World of Bergen County, Inc., supra, 92 N.J. Super., at 7. Our courts are vested with jurisdiction over foreign corporations to the outer limits permitted by due process. Amercoat Corp. v. Reagent Chem. & Research Inc., supra, 108 N.J. Super., at 336. Consequently the foreign jurisdictions cited above are not controlling.
Finally, we note that defendant does not assert that a trial in this forum would be inconvenient.
Based upon the foregoing reasons, we conclude that the substituted service effected upon defendant pursuant to R.R. 4:4-4(d), now part of R. 4:4-4(c) (1) was valid. *8 The judgment of dismissal entered by the trial court is therefore reversed and the case is remanded for plenary trial in accordance herewith.