**Timothy REILLY et al., Plaintiffs,**

v.

**PHIL TOLKAN PONTIAC, INC., a Wisconsin corporation, et al.,
Defendants.**

Civ. A. No. 873–73.

United States District Court,
D. New Jersey.

Jan. 17, 1974.

Edmund E. Lynch, Denville, N. J., for plaintiffs.

Allen C. Mathias, Stevens & Mathias, Newark, N. J., for defendant Phil Tolkan Pontiac, Inc.

Carroll A. Morley, Morley, Cramer, Tansey & Haggerty, Jersey City, N. J., for defendant General Motors Corp., Inc.

OPINION

COOLAHAN, District Judge.

This is a diversity action wherein plaintiff, a New Jersey resident, sues a Milwaukee, Wisconsin, Pontiac dealer (Tolkan) as well as General Motors Corporation, a Michigan corporation. Plaintiff alleges that Tolkan sold, and defendant General Motors placed in a car of its manufacture, a defective jack which injured plaintiff while he was changing a tire in his adopted State, New Jersey. Plaintiff thereby sues for damages. The car on which the action is concerned was sold to plaintiff by

Phil Tolkan Pontiac, a local Milwaukee car dealer, at a time when plaintiff was resident in the Milwaukee area. It is not alleged that Tolkan had knowledge at the time the car was sold that plaintiff was contemplating a move out-of-state, specifically to New Jersey.

Defendant Tolkan brings this motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that this Court cannot, under the due process clause of the Fifth Amendment of the United States Constitution, exercise *in personam* jurisdiction over Tolkan. Defendant bases its argument on the ground that as a local Pontiac dealer selling cars to local residents, Tolkan does not have, under the doctrine of International Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the "minimum contacts" with the State of New Jersey to bring Tolkan within this Court's diversity jurisdiction.

There is no question that New Jersey law, R. 4:4–4(e), "allow[s] out-of-state service to the uttermost limits permitted by the United States Constitution." Avdel Corp. v. Mecure, 58 N.J. 264, 268, 277 A.2d 207, 209 (1971). New Jersey courts have steadily allowed the extension of State long-arm jurisdiction in cases involving defective items sold into the general flow of commerce. *

The New Jersey case most directly on point is Roche v. Floral Rental Corp., 95 N.J.Super. 555, 232 A.2d 162 (App. Div.1967). There suit was brought against a New York corporation that installed a refrigerator body in a truck owned by a company doing business in New York, and the truck was delivered to the owner in New York. The truck subsequently traveled in New Jersey and there was an accident in which the refrigerator body's design was a contributing factor. The defendant in Roche, as does the defendant here, claimed that it did not have sufficient contact with New Jersey to allow jurisdiction over him in this State.

The court cited the Restatement, Conflict of Laws 2d, § 37 (May 2, 1967), which provides:

"A state has power to exercise judicial jurisdiction over an individual who causes effects in the state by an act done elsewhere with respect to causes of action arising from these effects unless the nature of the effects and

---

* The exercise of jurisdiction has been held to be valid in the following cases: Avdel Corp. v. Mecure, *supra* (New York defendant knew that some rivets it had ordered would be manufactured by plaintiff in New Jersey); Schaffer v. Granit Hotel, Inc., 110 N.J.Super. 1, 264 A.2d 240 (App.Div.1970), and Oliff v. Kiamesha Concord, Inc., 106 N.J.Super. 121, 254 A.2d 330 (Law Div.1969) (hotels, though located outside New Jersey, solicited customers through advertisements in New Jersey); Amercoat Corp. v. Reagent Chemical & Research, Inc., 108 N.J.Super. 331, 261 A.2d 380 (App.Div.1970) (out-of-state railroad actively solicited business in New Jersey and entered into bailment arrangements for its cars with local railroads); Roche v. Floral Rental Corp., 95 N.J.Super. 555, 232 A.2d 162 (App.Div.1967) (New York defendant installed refrigerator unit into a truck that was subsequently driven into New Jersey); Roland v. Modell's Shoppers World of Bergen County, 92 N.J.Super. 1, 222 A.2d 110 (App.Div.1966) (defendant's only contact with New Jersey was shipment of goods into New Jersey which were purchased by New Jersey resident and which caused injury in Connecticut to Connecticut resident); Certisimo v. Heidelberg Co., 122 N.J.Super. 1, 298 A.2d 298 (Law Div.1972) (defendant fabricated goods in Germany and sold them to an independent distributor who would sell the goods in the United States).

Also see Buckeye Boiler Co. v. The Superior Court of Los Angeles County, 71 Cal.2d 893, 80 Cal.Rptr. 113, 458 P.2d 57 (1969) (Ohio boiler manufacturer, though not present in California, shipped a boiler into that State); Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961) (Ohio manufacturer of safety valve installed in a water heater by a Pennsylvania corporation in Pennsylvania and later shipped to Illinois, the Ohio defendant having no other business contacts with Illinois); Deveny v. Rheem Manufacturing Co., 319 F.2d 124 (2d Cir. 1963) (similar facts to *Gray*). *Cf.* DeLear v. Rozel Packing Corp., 95 N.J.Super. 344, 231 A.2d 232 (App.Div.1967) (out-of-state defendant had security interest in goods located in New Jersey).

of the individual's relationship to the state make the exercise of such jurisdiction unreasonable."

Further cited was the discussion following § 37 where it is said:

"[Jurisdiction is valid where]: (1) the act was done with the intention of causing effects in the state; (2) the act, although not done with the intention of causing effects in the state, could reasonably have been expected to do so; and [invalid where] (3) the act was not done with the intention of causing effects in the state and could not reasonably have been expected to do so."

Under these Restatement principles, the court found that the defendant had sufficient contact with New Jersey to warrant the exercise of jurisdiction. The use of the product in New Jersey was deemed to have been reasonably foreseeable, especially in view of the fact that much of the traffic from the New York City area to the rest of the country would normally pass through New Jersey:

"Here the normal usage of the product almost inevitably would bring it into New Jersey. That is the deciding factor."

■ This Court hereby finds that the facts of the *Roche* case are close enough to those of the instant case, and the reach of the due process clause as interpreted by the New Jersey courts is broad enough, to deny defendant's motion to dismiss, thereby allowing this Court to exercise jurisdiction. Though Tolkan was a local Pontiac dealer, the Court feels it is not unreasonable to assume Tolkan should have anticipated that the Pontiac it sold to plaintiff and the jack within it would come to be used in other States, including New Jersey. Automobiles are items that by their nature, and by the driving habits of Americans, commonly traverse long distances. Tolkan knew that it was selling a product that is distributed, and for which spare parts are available, throughout the nation. Further, the car sold to plaintiff in 1967 was a 1966 model, presumably with several years and much mileage remaining in its useful life. Tolkan is located in a major metropolitan area, which reflects the mobile patterns of modern society. Thus, Tolkan should be prepared to defend on alleged defects in the product it sold which had consequences in New Jersey.

The Court takes note of the fact, however, that the allegations of plaintiff's complaint as to injuries are not specific. To have a valid diversity action under 28 U.S.C. § 1332, plaintiff must have a reasonable claim of over $10,000 in damages. Since the degree of damages in this case is not set out in detail, the Court dismisses defendant's present motion without prejudice to any future motion defendant may wish to make on the basis that the jurisdictional damages amount is not satisfied.

■ Lastly, defendant has moved in the alternative for an order of this Court transferring the action to the Eastern District of Wisconsin under the *forum non conveniens* doctrine, 28 U.S. C. § 1404(a). Under the statute, such a transfer is a matter left to the discretion of the Court. In this case, the Court feels that this District is the more convenient forum.

The accident occurred in New Jersey. Those witnessing the accident and observing or treating the injuries sustained by plaintiff would in all probability be located in the New Jersey area. Thus, it would be best for the convenience of witnesses and the expense of the parties for the Court to deny defendant's motion. The Court has, through the hearing afforded the parties and this opinion, sought to comply with the procedural safeguards for consideration of a motion for § 1404(a) transfer set out in The Plum Tree, Inc. v. Stockment, 488 F.2d 754 (3d Cir. 1973).

Let counsel submit an appropriate order.