BROOM, Justice,
for the Court:
Mississippi’s Long-Arm Statute is highlighted by this action of Sheridan, Inc. (appellant), a Mississippi corporation domiciled in Forrest County, Mississippi, and engaged in the financing business. In the circuit court of that county, Sheridan sued appel-lees, C. K. Marshall & Company (Marshall & Co. herein) and C. K. Marshall, Jr., individually (Marshall herein) for default of Marshall & Co. on payments due Sheridan under a “finance lease.” Both appellees (Florida residents) moved to dismiss the suit on the ground that the trial court lacked in personam jurisdiction over them.
Sheridan conducts its financing business mainly in the State of Mississippi, but also operates in other southeastern states through its sales representatives, who periodically call upon equipment suppliers to solicit business. Marshall & Co. is engaged in a multimillion dollar construction business in Florida. Its owner, Marshall, also serves as president. In 1974, Marshall & Co. became interested in purchasing certain computer equipment from Eldorado Elec-trodata Corporation, and to obtain this equipment entered into a “finance lease” agreement with Sheridan. In order to obtain the financing from Sheridan, Marshall, in the State of Florida, executed a guaranty contract in favor of Sheridan under which he individually and personally guaranteed full payment and timely performance of Marshall & Co.’s obligations under the lease agreement (contract). The contract provided that it would not be effective until accepted by Sheridan. After Marshall’s guaranty was delivered to Sheridan in Hatties-burg, Sheridan accepted the lease finance agreement and it became effective April 11, 1974.
Subsequent to the acceptance of the lease finance contract and the guaranty instrument, Sheridan purchased the computer equipment from Eldorado Electrodata Corporation and had it delivered to Marshall & Co. in the State of Florida. The contract provided for sixty monthly rental payments of $1,043.53, to be paid at Sheridan’s office in Hattiesburg. Marshall & Co. defaulted after making only one payment, and on October 11, 1974, Sheridan reclaimed the computer equipment, the possession of which Marshall & Co. voluntarily surrendered. After taking it to Hattiesburg, Sheridan sold the equipment at public auction and then filed this suit for the deficiency under the lease. In the contract was a clause which read:
12. In the event suit is brought to enforce the terms of this lease, the parties hereto agree that any court of competent jurisdiction situated in the City of Hattiesburg, Forrest County, Mississippi, shall have venue of such action, and that the interpretation and legal effect of this *1225 lease shall be governed by the laws of the State of Mississippi .
Specifically predicating in personam jurisdiction over Marshall and Marshall & Co. upon the “single-contract” clause of the Mississippi Long-Arm Statute, Sheridan’s declaration (in its fourth paragraph) alleges:
4. The instant action is founded upon, and seeks enforcement of, contractual obligations of the Defendants in favor of the Plaintiff, to be performed by the Defendants within the State of Mississippi; and the Defendants may thus be subjected personally to the jurisdiction of this Court by service of process in the manner provided by Mississippi Code 1972 Annotated § 13-3-57 (1972).
Process for Marshall and Marshall & Co. in this suit was by substituted service upon the Secretary of State as prescribed by the Long-Arm Statute.
In their motion challenging the in person-am jurisdiction of the Circuit Court of Forrest County, Marshall & Co. and Marshall, individually, relied mainly on the theory that they were not doing business in Mississippi. Nowhere in their motions did they allege that they had not entered into a contract with Sheridan to be performed partly in Mississippi. The trial court sustained the motion to dismiss.
The Mississippi Long-Arm Statute, .Mississippi Code Annotated § 13-3-57 (1972), is pertinent here and provides:
Any nonresident person . . . who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed . equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi . to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident . . .. (Emphasis added).
After this case was dismissed below by the trial court and while its order of dismissal was pending here, we decided Shackelford v. Central Bank of Mississippi, 354 So.2d 253 (Miss.1978). Shackelford states:
Here, both instruments provided that they be performed (paid) in the State of Mississippi, and they were accepted by appellee in Mississippi. The trial court had jurisdiction under the Long-Arm Statute, and the first assignment of error is without merit.
The record shows that execution of the contract by the parties occurred largely in Mississippi following telephone negotiations initiated in this state. It is true that Marshall & Co. and Marshall, individually, executed the instruments in Florida, but they were then delivered to Sheridan in Forrest County, Mississippi, where acceptance by Sheridan was necessary before they were to become effective. Sheridan’s performance of its obligations under the contract was completed when it purchased the computer equipment and had it delivered to Marshall & Co., after which the only remaining performance to be done was for Marshall & Co. to make rental payments to Sheridan in Forrest County. Marshall & Co. partially performed its part of the contract in Mississippi when it forwarded the first rental payment due under the instrument to Sheridan in Forrest County, Mississippi. Also to be noted is the fact that in dealing with Sheridan, Marshall, individually, and Marshall & Co. knew that they were dealing with a Mississippi corporation and that any agreement executed by the parties had to be accepted by Sheridan in Forest County, wherein payment was to be made upon the instrument. Accordingly, we hold that these events give the State of Mississippi justifiable interest in the transaction and, under Shackelford, the motion to dismiss should not have been sustained.
*1226 As to whether application of our Long-Arm Statute against Marshall and Marshall & Co. denies them due process under the Fourteenth Amendment of the Constitution of the United States as argued by them, the language used by the United States Supreme Court in McGee v. International Life Ins. Co., 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, 226 (1957), is applicable. There the court stated:
It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State. Cf. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Henry L. Doherty & Co. v. Goodman, 294 U.S. 623, 55 S.Ct. 553, 79 L.Ed. 1097; Pennoyer v. Neff, 95 U.S. 714, 735, 24 L.Ed. 565. The contract was delivered in California, the premiums were mailed from there and the insured was a resident of that State when he died. It cannot be denied that California has a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims.
Roberts v. Worthen Bank & Trs. Co., 183 So.2d 811 (Miss.1966), is a case in which we relied upon McGee v. International Life Ins. Co., supra, and held that a Mississippi citizen who borrowed from an Arkansas bank “had sufficient minimal contacts with the state of Arkansas” so that an Arkansas court could render judgment against him. Therefore, we must reverse and remand for trial on the merits.
On the question of whether or not the contract was to be performed in whole or in part by any party in the State of Mississippi, see the case of Miller v. Glendale Equip. & Supply, Inc., 344 So.2d 736 (Miss.1977).
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.