167 N.J. Super. 5 (1979)
400 A.2d 487
F. GORDON KETCHAM, PLAINTIFF-APPELLANT,
v.
CHARLES R. LISTER INTERNATIONAL, INC., A CORPORATION, DEFENDANT-RESPONDENT-CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 1979.
Decided March 12, 1979.
*6 Before Judges MICHELS and LARNER.
Mr. Ronald L. Bennardo argued the cause for plaintiff-appellant (Messrs. Giordano, Halleran & Crahay, attorneys).
Mr. Philip J. Mylod argued the cause for defendant-respondent and cross-appellant.
The opinon of the court was delivered by LARNER, J.A.D.
This appeal relates to the oft-litigated question of long-arm jurisdiction over a foreign corporation. The trial judge dismissed the complaint on a finding that defendant. Charles R. Lister International, Inc. (Lister) did not have the minimal contacts in New Jersey requisite for the exercise of jurisdiction by the courts of this State.
The resolution of this question harks back to the controlling test established by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 *7 S.Ct. 154, 90 L.Ed. 95 (1945), namely, whether the maintenance of the suit in this jurisdiction would offend "traditional notions of fair play and substantial justice."
In New Jersey we have adopted a judicial policy which permits service on nonresident defendants to the outer limits of due process requirements. See R. 4:4-4(c)(1); Avdel Corp. v. Mecure, 58 N.J. 264 (1971); Roland v. Modell's Shoppers World of Bergen County, 92 N.J. Super. 1 (App. Div. 1966). And as a consequence, jurisdiction has been exercised wherever possible with a liberal and indulgent view if the facts reasonably support the presence of the flexible concepts of "fair play and substantial justice."
Lister is a Delaware corporation engaged in the conduct of an executive employment agency with its principal office in the City of New York. It has no office, place of business or personnel in the State of New Jersey and is not authorized to do business in this State. It specializes in soliciting and recruiting management-level employees for various national oil companies.
In conducting its business, it seeks to interest employee prospects located in New Jersey by direct solicitation and regular newspaper advertisements in several New Jersey papers, including the Newark Star Ledger and the Bergen Evening Record. These advertisements invite readers to communicate with the Lister New York office by telephone or correspondence, culminating in personal interviews in New York. In addition, the recruiters employed by defendant, of which plaintiff was one, regularly engage in telephone communication and correspondence with New Jersey executives who are looking for a change in employment in an effort to place them with one of the company's employer-clients.
Plaintiff was employed in the New York office as a recruiter and personally engaged in the foregoing activities including telephone calls and correspondence with persons in New Jersey, seeking to interest them in positions with employer-clients. His cause of action arises out of a claim *8 for commissions allegedly due pursuant to his employment agreement with defendant.
From the foregoing, it is manifest that this is not a case in which the cause of action arises out of the contacts of defendant in this State. As we observed in Corporate Dev. Spec., Inc. v. Warren-Teed Pharm., 90 N.J. Super. 493 (App. Div. 1968):
[I]t is not an essential in all cases that the cause of action arise out of such contacts. Essential Const. Co. v. Royal Concrete Fire-proofers, 84 N.J. Super. 289, 297 (App. Div. 1964). We there cited Perkins v. Benguet Consol. Min. Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952), which, as has generally been recognized, exemplifies the principle that due process does not necessarily depend on a showing that the cause of action against the foreign corporation has arisen out of its contacts with the forum state (as where nonrelated contacts are sufficiently substantial and continuous). See Proposed Draft (1967) of Restatement, Conflict of Laws 2d, § 47(2), and Comment and Reporter's Note thereon. [at 497]
See also, Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952).
Nor is this a case where the agreement between plaintiff and defendant necessitated or contemplated significant effects within New Jersey, the forum State. See Avdel Corp. v. Mecure, supra, 58 N.J. at 272; Kislak v. Trumbull Shopping Park, 150 N.J. Super. 96 (App. Div. 1977); Resin Research Lab., Inc. v. Gemini Roller Corp., 105 N.J. Super. 401, 404 (App. Div. 1969).
We are rather concerned with the question whether there exists the jurisdictional base for exercise of jurisdiction derived from the continuous and systematic conduct of a part of the regular business of defendant in the State of New Jersey. See Corporate Div. Spec., Inc. v. Warren-Teed Pharm., Inc., 102 N.J. Super. 143, 151 (App. Div.), certif. den. 52 N.J. 535 (1968). Was such business sufficiently substantial as to make it reasonable to conclude that defendant corporation had minimal contacts with this State and *9 that it is reasonable therefore to exercise jurisdiction over it?
In this connection, we refer to the Restatement, Conflict of Laws 2d (1971), § 47(2), which states:
(2) A state has power to exercise judicial jurisdiction over a foreign corporation which does business in the state with respect to causes of action that do not arise from the business done in the state if this business is so continuous and substantial as to make it reasonable for the state to exercise such jurisdiction.
Comment (a) defines doing business:
a. What constitutes doing business. Doing business is doing a series of similar acts for the purpose of thereby realizing pecuniary profit, or otherwise accomplishing an object, or doing a single act for such purpose with the intention of thereby initiating a series of such acts.
The development of the law in this area reflects a broadening concept of the prerequisite of minimal contacts when dealing with the business activities of a foreign corporation in this State. As we observed in Amercoat Corp. v. Reagent Chem. & Research, Inc., 108 N.J. Super. 331 (App. Div. 1970), courts have found "sufficient contacts for personal jurisdiction where virtually any form of economic entry into the state was evident. * * * solicitation [of business], in and of itself, may be sufficient `contact' to comport with the requirements of due process." 108 N.J. Super. at 340.
Although the nature, continuity and regularity of the economic entry into the State are factors to be taken into consideration in determining whether it is reasonable to subject the foreign corporation to the jurisdiction of our courts, the pragmatic test may be keyed to the economic entry of the foreign corporation in this State and not necessarily to its physical entry through offices, plants or personnel. See Schaffer v. Granit Hotel, Inc., 110 N.J. Super. 1, 5 (App. Div. 1970).
Applying this test to the facts of this case, it is abundantly clear that Lister has made a substantial economic entry ino *10 the State of New Jersey through its solicitation by local newspaper advertising and telephone and letter communications on a regular and continuous basis. The solicitations through these media in the context of the nature of Lister's business enterprise constitute the actual doing of business in this State.
As distinguished from solicitation of business by a company engaged in the manufacture or sale of products, an employment agency actually carries on its business by the very communications with potential employers and employees. The advertising material, the telephone conversations, the letters to prospects on a regular basis in New Jersey are part and parcel of the service rendered by the agency for which it receives fees from either the employee or employer or both. In this manner, Lister does not merely solicit business in the sense of a preliminary to the sale of a product or service. It in fact is performing the very service for which it has been retained by its employer-clients. Such activity on a regular and continuous basis is therefore a substantial entry into the State of New Jersey, albeit part of the business activity also takes place in New York where the prospects are interviewed.
We therefore find that under the circumstances herein there are sufficient minimal contacts so that the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. Since the City of New York is contiguous and close to New Jersey, there appears to be no great inconvenience for defendant to defend the action in this forum. We are satisfied that due process is not offended and that jurisdiction should be exercised to its outer limits by long-arm service as provided by our rules.
The judgment of dismissal is reversed and the complaint and counterclaim are reinstated for further processing of the litigation.